GERTRUDE L. MOORE, Respondent, *v.* HENRY G. MOORE, Appellant.

*Alimony* — action to collect alimony granted by foreign judgment — construction and effect of section 1772 of Code of Civil Procedure — appointment of receiver.

Plaintiff in 1892 recovered judgment of separation from defendant in the state of Pennsylvania, of which both parties were then residents, in which she was awarded alimony. Defendant avoided compliance with the decree for its payment, and moved to this state; plaintiff brought this action upon the Pennsylvania decree and obtained judgment directing payment of the alimony and providing specifically that defendant execute a bond for its payment in the manner therein provided. Defendant having failed to pay the alimony or execute the bond, a receiver of his income, which is derived from a spendthrift trust, was appointed for the "uses and purposes specified." *Held*, that the judgment is within the provision of the Code of Civil Procedure, section 1772, as amended in 1904, authorizing such an action, and that the appointment of the receiver was properly made.

*Moore* v. *Moore*, 143 App. Div. 428, affirmed.

(Argued March 13, 1913; decided April 4, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered March 21, 1911, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nathaniel Cohen* for appellant. Even if the proceedings were regular, as they were not, and if the judgment was in accordance with the allegations of the complaint, as was not the case, and if there had been no fatal errors in the admission of evidence, the judgment was void because it was not within the jurisdiction of the court. (*Lynde* v. *Lynde*, 162 N. Y. 405; *Sistare* v. *Sistare*, 218 U. S. 1; *Bennett* v. *Bennett*, 63 N. J. Eq. 306; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Brauth* v. *Brauth*, 20 Civ. Pro. Rep. 33; *Jacquin* v. *Jacquin*, 36 Hun, 378; *Keeney* v. *Morse*, 71 App. Div. 104; *Butterfield* v. *Ogden*, 1 Disney [Ohio], 550; *Webb* v. *Jones*, 13 Lea [Tenn.], 81; *Handy* v. *Dobbin*, 12 Johns. 220.)

*Benno Loewy* for respondent. The trial court did not attempt to annul the trust created by the will of Andrew M. Moore ¯ eased, nor to act upon the trustee. It dealt merely with ¸he income received by defendant after its receipt by him, which could have been done even in Pennsylvania. (*Board of Charities* v. *Lockard*, 198 Penn. St. 572.) Chapter 318 of the Laws of 1904, amending section 1772 of the Code, as it affects the remedy only, is retroactive. (*Laird* v. *Carton*, 196 N. Y. 169; *Brearly School, Ltd.*, v. *Ward*, 138 App. Div. 833; *Moore* v. *Moore*, 142 App. Div. 459.) The argument in appellant's brief that the court exceeded its jurisdiction by directing defendant to give security that he will comply with the terms of the judgment, is fallacious; it overlooks the fact that the jurisdiction of the Supreme Court is not, and cannot be, limited by section 1772 of the Code, and it overlooks the further fact that that very section prescribes

that the court may, in its discretion, also direct him to give reasonable security, in such a manner and within such a time as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose. (*Moore* v. *Moore*, 142 App. Div. 459; *Park* v. *Park*, 80 N. Y. 156; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Higgins* v. *Sharp*, 164 N. Y. 4; *People ex rel. Ready* v. *Walsh*, 132 App. Div. 462.)

Hiscock, J. In 1902, in the Court of Common Pleas in the county of Philadelphia, state of Pennsylvania, respondent recovered a judgment of separation from the appellant, her husband, on the ground of adultery, which also awarded to her alimony at the rate of $333.33 per month.

Both parties at the time of the commencement of said action were residents of the state of Pennsylvania, and the appellant was the beneficiary under a spendthrift trust created under the laws of that state, where also the trustee was located, and which appears to have produced about the sum of $2,400 per month. The appellant evaded compliance with said decree and moved to the state of New York .

At the time said decree was rendered section 1772 of the Code of Civil Procedure provided: " Where a judgment rendered, or an order made, as prescribed in this article, or in either of the last two articles, * * * (Title 1, chapter 10, relating to matrimonial actions), requires a husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, also direct him to give reasonable security, in such a manner, and within such a time, as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose. If he fails to give the security, or to make any payment required by the terms of such a judgment or order, whether he has or has not given security therefor; or to

pay any sum of money which he is required to pay by an order, made as prescribed in section 1769 of this act; the court may cause his personal property, and the rents and profits of his real property, to be sequestered, and may appoint a receiver thereof. The rents and profits, and other property, so sequestered, may be, from time to time, applied, under the direction of the court, to the payment of any of the sums of money specified in this section, as justice requires."

In *Lynde* v. *Lynde* (162 N. Y. 405; affirmed, 181 U. S. 183) it was held that this provision was not applicable in aid of a judgment recovered upon a foreign decree of the nature of the one referred to.

In 1904, however, said section was amended by adding the words below inclosed in brackets, and thus making it read "Where a judgment rendered, or an order made, as prescribed in this article, or in either of the last two articles, [or a judgment for divorce or separation rendered in another state, upon the ground of adultery upon which an action has been brought in this state, and judgment rendered therein] requires a husband to provide," etc.

After this amendment respondent brought this action upon her Pennsylvania decree and secured judgment, amongst other things providing in substance that said decree be "made the judgment and order of this court;" that she recover as accrued alimony under the Pennsylvania decree and interest the sum of $35,234.71; that the appellant pay to her the sum of $333.33 for alimony each month and execute a bond in the penalty of $60,000 conditioned that he would each month on receiving any monthly installment or payment of the income from the trust aforesaid pay to respondent's attorney for her the sum of $1,400 to be applied, first, to the payment of said accruing monthly alimony and then to the payment of costs and disbursements and the payment of said accrued alimony until the latter was fully paid and thereafter pay

the sum fixed for current alimony; that in case appellant should fail to make any of the payments awarded or give said bond, respondent should be entitled to further relief and the appointment of a receiver. Thereafter the appellant having failed to comply with said judgment in making payments and executing said bond, an order was made appointing a receiver "for the uses and purposes" specified, and which were, in substance, that the appellant on receipt of the income of the trust aforesaid each month should pay over the same to said receiver, indorsing the check for such payment, if in that form made, to said receiver, and that said receiver should pay to the appellant $1,000 and apply the balance to payment of current and accrued alimony substantially as hereinbefore recited, and that he execute a bond in the penalty of $60,000, conditioned for the payments and deliveries of checks as stated. It is stated without contradiction that the appellant has again changed his residence to another state, and thus far has avoided compliance with any of the provisions of said judgment.

Many objections to the judgment thus rendered are urged by the appellant. These as a whole have been so fully considered and satisfactorily answered in the opinion of Mr. Justice MILLER at the Appellate Division that it will only be necessary for us briefly to state our conclusions concerning certain aspects of the decree.

It seems to us that the judgment is clearly within the provisions of the section of the Code which has been quoted, construed in the light of, or if necessary supplemented by, the general equitable powers of the court (*Wetmore* v. *Wetmore*, 149 N. Y. 520), and that some of the features which are criticised either add no substantial effect to the judgment or else secure to the appellant favors to which he was not entitled.

The amendment to the Code relating to the enforcement of the decree being remedial was retroactive and applied to respondent's Pennsylvania decree, although

adopted after such decree was rendered. (*Laird* v. *Carton*, 196 N. Y. 169.)

While the provision that the Pennsylvania decree be "made the judgment of this court" is perhaps inartificial, there is no doubt concerning its effect and meaning, and it was entirely proper that the court in this action should adjudicate the amount of accrued alimony remaining unpaid and due under the Pennsylvania decree.

Under the literal wording of the Code the court had power in this action to require the appellant to pay to respondent from time to time and in such installments as it should deem proper the sums of money "required" for the support of his wife as fixed by the Pennsylvania decree and to compel him to give a bond conditioned for such payment. While provision for the payment of a large amount of accrued alimony may be unusual, there is no doubt that the court had the power to thus decree. (*Forrest* v. *Forrest*, 8 Bosworth, 640; affirmed, 25 N. Y. 501.)

The qualification that the appellant should make these payments on receiving monthly installments of income from the trust created for his benefit limited his obligations and was a benefit to him.

It is unnecessary to discuss the question whether a receiver could be appointed of the future income to which appellant might become entitled under the trust. That was not attempted. The receiver was appointed simply "for the uses and purposes" in said judgment stated, and which were that the appellant should pay to him his said monthly installments of income, indorsing and delivering the checks therefor if such installments were thus paid, and that the moneys thus received by the receiver should be applied first to the payment of what the court had a right to find was a reasonable amount for the appellant's support and the balance substantially as already provided in the other provisions of the judgment and that an undertaking should be executed condi-

tioned for compliance with these provisions. It thus appears that these provisions for a receiver added nothing of substance to what had already been provided for. The receiver simply became the agent through whom appellant was required to pay to his wife the amount specified from moneys or checks which had been received by him. I have no doubt that the court could thus decree. It has not attempted to interfere with the trust or exercise jurisdiction over the trustee located in Pennsylvania. It has simply pronounced its decree against the appellant over whom it secured jurisdiction by personal service within this state, and in thus doing it has confined itself to the exercise of powers which were clearly possessed by it.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, COLLIN and CUDDEBACK, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.