EDNA CUMMINGS WEMPLE, Appellant, *v.* EDWIN COPELY WEMPLE, Respondent.

First Department, February 4, 1927.

**Husband and wife — foreign divorce — plaintiff procured money judgment for accrued alimony only — failure to pay money judgment not contempt — plaintiff might have procured judgment, failure to pay which would be contempt under Civil Practice Act, § 1172.**

A defendant, in an action for divorce, in which a judgment was procured in another State, cannot be held guilty of contempt for failure to pay a judgment procured thereon in this State for money only.

The plaintiff might have procured a judgment for accrued alimony under the foreign judgment, a failure to comply with which would be punishable as a contempt under section 1172 of the Civil Practice Act.

APPEAL by the plaintiff, Edna Cummings Wemple, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of November, 1926, as denies plaintiff's motion to punish the defendant for contempt.

*Floyd Price,* for the appellant.

*John Caldwell Myers* of counsel [*Benjamin F. Schreiber* and *John F. Keating* with him on the brief], for the respondent.

PER CURIAM. It was undoubtedly possible for the plaintiff to procure a judgment for accrued alimony under the Virginia judg-

16

ment similar to the one in *Moore* v. *Moore* (208 N. Y. 97), a failure to comply with which would be punishable as a contempt under section 1172 of the Civil Practice Act. The judgment she did procure for accrued alimony was merely a money judgment. It contained no direction *in personam* to pay and wholly lacks the provisions of the judgment in the *Moore* case making the decree of the foreign State the judgment of this court and specifically directing compliance therewith.

For these reasons the order so far as appealed from should be affirmed.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Order so far as appealed from affirmed.