EMMA CROOKS SMITH, Appellant, v. WILLIAM ALOYSIUS SMITH, Respondent.— The action, based upon a New Jersey decree of divorce granted to defendant by reason of plaintiff's adultery, is to recover past due installments which the decree directed to be paid for the support of the issue of the marriage and to enforce payment in this State of the accrued installments and to provide for the payment of future installments and to afford plaintiff the remedies provided by sections 1171 and 1172 of the Civil Practice Act. Order denying plaintiff's motion for summary judgment affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur. [See ante, p. 650.]

EMMA CROOKS SMITH, Appellant, v. WILLIAM ALOYSIUS SMITH, Respondent.— Order granting defendant leave to serve an amended answer affirmed, without costs. Defendant is entitled to set up as an additional defense that the New Jersey decree is not unalterable but subject to revision in the discretion of the courts of that State and, hence, the decree is not final and cannot be accorded full faith and credit under the Constitution of the United States (Art. IV, § 1). (Sistare v. Sistare, 218 U. S. 1; Yarborough v. Yarborough, 290 id. 202, 212; Bentley v. Calabrese, 155 Misc. 843.) This is a valid defense. The New Jersey decree, in so far as it provides for the support of a wife or child, is not final. (New Jersey P. L. 1907, p. 481, § 25; 2 Comp. Stat. of N. J. p. 2035, as amd. by Laws of 1933, chap. 145; Freund v. Freund, 71 N. J. Eq. 524; 63 A. 756; affd., 72 N. J. Eq. 943; 73 A. 1117; Rigney v. Rigney, 62 N. J. Eq. 8, 12; 49 A. 460; Warren v. Warren, 92 N. J. Eq. 334; 112 A. 729; Lynde v. Lynde, 54 N. J. Eq. 473; 35 A. 641; Lynde v. Lynde, 41 App. Div. 280; affd., 162 N. Y. 405; affd., 181 U. S. 183.) Decisions with respect to New York decrees or the decrees of States which are final are irrelevant. Sections 1171 and 1172 of the Civil Practice Act, as amended, merely extend and make available to judgments of other States the equitable remedies of sequestration, receivership, etc., only after such judgments have been reduced to judgment in the courts of this State. These sections neither require nor authorize the recognition of judgments of the courts of other States which are not final. Nor do they authorize the maintenance of an action upon such a judgment when the action theretofore was not maintainable under the full faith and credit clause of the Constitution of the United States. (Cf. Moore v. Moore, 143 App. Div. 428; affd., 208 N. Y. 97; Boissevain v. Boissevain, 224 App. Div. 576; modfd., 252 N. Y. 178; Beeck v. Beeck, 211 App. Div. 720; Miller v. Miller, 219 id. 61; affd., 246 N. Y. 636; Bentley v. Calabrese, 155 Misc. 843.) The amended answer, if not already served, to be served within ten days from the entry of the order hereon. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

MICHAEL STABULAS, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff when, while working on the sidewalk, he was caught between the legs and hoisted by a cable operated by defendant's employees. Order setting aside verdict for plaintiff for $4,500 and granting a new trial on the gound it was excessive, unless plaintiff stipulate to reduce it to $2,000, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.