OLYMPIA ROSSI, Plaintiff, *v.* DOMINICK ROSSI, Defendant.†

Supreme Court, Trial Term, New York County, June 26, 1944.

*Raphael H. Rhodes* for plaintiff.

*Sol. H. Cohn* for defendant.

---

* See, also, *Alpha Syndicate* v. *Horn*, 186 Misc. 937, and footnote thereto. — [REP.

† See, also, *Chappell* v. *Chappell*, 186 Misc. 968.— [REP.

SCHREIBER, J.   In 1938, plaintiff procured a divorce from defendant in the State of New Jersey, the decree providing that defendant pay her the sum of $17.50 a week as alimony for her support and maintenance and for the support and maintenance of the children of their marriage.   This action has been commenced to recover the alimony alleged to be in arrears. Plaintiff asks that the decree of the Chancery Court of the State of New Jersey be made the decree of this court and seeks equitable relief in aid of enforcement.

Whether plaintiff may succeed in her action should be determined by the test laid down in *Sistare* v. *Sistare* (218 U. S. 1) wherein WHITE, J., discussed and reconciled *Barber* v. *Barber* (21 How. [U. S.] 582), and *Lynde* v. *Lynde* (181 U. S. 183). He concluded as follows (pp. 16–17) : " First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the *Barber* case, ' alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.'   Second, That this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

In *Lynde* v. *Lynde* (*supra*) the decree set forth in specific amount the alimony in arrears as of the date of the decree, and the opinion refers to the extent to which plaintiff could recover in the following language (p. 187) : " The decree for the payment of $8840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that.   The provision of the payment for alimony in the future was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum."   Recovery was limited to the amount specified in the New Jersey decree.   No recovery was had for alimony which accrued after it was rendered.

When the *Lynde* case (*supra*) was before the Court of Appeals (162 N. Y. 405) it was stated that (p. 417–418) : " So far as it [the decree] made provision for the payment of alimony in the future, it remained subject to the discretion of the chancellor and lacked conclusiveness of character. The chancellor's action was not final on the subject. As he observed in *Lynde* v. *Lynde* (*supra* [54 N. J. Eq. 473]), referring to the law of New Jersey : ' The statute exhibits an intention that the subject shall be continuously dealt with according to the varying condition and circumstances of the party.' The provision of the Federal Constitution, which requires that full faith and credit shall be given to the judicial proceedings of another state, in my opinion, should be deemed to relate to judgments, or decrees, which not only are conclusive in the jurisdiction where rendered, but which are final in their nature. If they, once and for all, establish a debt, or other obligation, against a party, the record is available in other jurisdictions as a foundation for a judgment there."

In *Van Horn* v. *Van Horn* (196 App. Div. 472) the Appellate Division of this department pointed out that in the *Lynde* case (*supra*) it was assumed that the New Jersey court reserved full control over the decree.

At the trial no proof was offered concerning the extent to which a provision in a New Jersey decree of divorce for the payment of alimony remains subject to the discretion of the chancellor. Pursuant to section 344-a of the Civil Practice Act, examination has been made of New Jersey authorities and consideration has been given to *Smith* v. *Smith* (255 App. Div. 652). In the latter case Davis, J., writing for the Appellate Division of the Second Department, stated the following concerning the New Jersey statute (pp. 655–656) : " The New Jersey statute (N. J. P. L. 1907, p. 481, § 25) provides: ' Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the Court of Chancery to make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just, * * * orders so made may be revised and altered by the court from time to time as circumstances may require.'

"Obviously, this statute looks to future modification, as does our own statute, similar in its terms. (Civ. Prac. Act, § 1170.) At no time prior to our former decision had the courts of New Jersey in any reported case passed directly upon the subject of the finality of the original decree in respect to support and

maintenance, although in at least one case the subject was considered but left undecided. (*Warren* v. *Warren,* 92 N. J. Eq. 334; 112 A. 729.) Since the former decision in this case there have been decisions of the lower courts to the effect that there is a vested right to past due installments for maintenance. (*Hatch* v. *Hatch,* 15 N. J. Misc. 461; 192 A. 241; *Poeter* v. *Poeter,* 15 N. J. Misc. 691; 194 A. 792; *Flavell* v. *Flavell,* 15 N. J. Misc. 167; 189 A. 639; *Stewart* v. *White,* 15 N. J. Misc. 542; 192 A. 839.) These decisions, while not compelling, ' must be deemed persuasive.' (*Kettel* v. *Erie Railroad Co.,* 176 App. Div. 430, 432; affd. 225 N. Y. 727.) The view that the New Jersey statute has no retroactive effect is supported by the rule laid down in the *Sistare* case (*supra*) that ' every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it.' Therefore, I reach the conclusion that the judgment, in so far as it dealt with sums unpaid, was final."

The Advisory Master who wrote the opinion in *Hatch* v. *Hatch* (15 N. J. Mis. Rep. 461, *supra*) in 1937 wrote another opinion on the subject in 1941 in *Duffy* v. *Duffy* (19 N. J. Mis. Rep. 332) in which he stated that there is no vested right to recover unpaid arrearages of alimony, as it is always within the power of the court to modify the original order with retroactive effect and thus reduce the amount of unpaid arrearages or extinguish them entirely. He made no specific mention of the authorities referred to by Davis, J. He said that views contrary to the *Duffy* case (*supra*) are mostly by way of dicta and that there is no well-considered decision on the subject. There are general statements among the New Jersey authorities that alimony remains subject to judicial control and modification (*Parmly* v. *Parmly,* 125 N. J. Eq. 545, 548; *Lynde* v. *Lynde,* 64 N. J. Eq. 736; *Walker* v. *Walker,* 118 N. J. Eq. 309).

Under the circumstances it would appear that the most recent view in New Jersey calls for a determination that the alimony provided in the decree rendered in New Jersey in favor of the plaintiff remains subject to the discretion of the New Jersey court and that no action can be maintained therefor in this State until the amount of arrears is definitely fixed by the New Jersey court.

Judgment is awarded to the defendant dismissing the plaintiff's complaint.