ESTELLE MALTZ, Respondent, *v.* BARNEY MALTZ et al., Appellants.

First Department, November 13, 1951.

*Sol O. Maltz* for appellants.

*Patrick M. Casey* of counsel (*Winslow M. Lovejoy* with him on the brief; *Lovejoy, Morris, Wasson & Huppuch,* attorneys), for respondent.

SHIENTAG, J.  The appeal in this case, as appears from the bill of exceptions and appellants' brief, is limited to certain decretal provisions in the judgment to the effect that the New Jersey decree of separation, dated November 9, 1945 " together with " the New Jersey order of June 30, 1949, fixing the amount of the alimony arrears and unpaid counsel fees, under such decree shall be " made the judgment of this Court as to said arrears with the same force, effect and validity and be enforced against defendant " in " the same manner as if the aforesaid judgment and order were the final judgment of this Court ". Appellant also takes exception to a further decretal provision directing that appellant husband pay to plaintiff wife forthwith the sum of $3,989, being the sum in arrears as of June 14, 1949, as fixed and adjudicated by the New Jersey court together with interest thereon.

Appellant has no objection to making the New Jersey order adjudicating the arrearages of alimony and counsel fees the judgment of this court.  But what he seeks to do is to confine plaintiff's remedy to that which is afforded an ordinary judgment for money only, based upon the judgment of another State, and to deny her the equitable remedies of security, sequestration, receivership and punishment for contempt provided by sections 1171 and 1172 of the Civil Practice Act.

In order to avoid future controversies on this subject, it may be well, at this time, to rule on the rights of the respective parties in this State with respect to the New Jersey decree and order. The husband and wife were married in New York in 1935.  They thereafter lived together in New Jersey.  On November 9, 1945,

the wife obtained a decree of separation from her husband in New Jersey upon the grounds of extreme cruelty, abandonment and refusal and neglect to provide for her, which we recognize, in this State, as grounds for a judicial separation (Civ. Prac. Act, § 1161). The decree awarded custody of the infant daughter of the parties to the wife and further directed the husband to pay the wife $1,300 per year in equal weekly installments of $25 and the sum of $50, unpaid alimony *pendente lite* and counsel fees in the sum of $100. The husband failed to pay the sums directed by the decree and as of June 14, 1949, there was due and owing to the wife under the New Jersey decree of separation for unpaid alimony and counsel fees, the sum of $3,989.

In the meantime the husband left the State of New Jersey and came to this State where he still resides. On June 30, 1949, an order was made in the New Jersey separation action in which it was adjudged that the unpaid arrearages of alimony and counsel fees due to the wife from her husband as of June 14, 1949, amounted to the sum of $3,989. Copies of all papers relating to the proceeding to fix the arrears were served on appellant husband personally and it appears that he left no property in the State of New Jersey out of which the decree or order could be satisfied.

Since alimony provided for in a decree of divorce or separation rendered in New Jersey remains subject to the discretion of the New Jersey court, no action for such alimony may be maintained in this State until the amount of arrears has been definitely fixed by the New Jersey court (*Rossi* v. *Rossi*, 269 App. Div. 821, affg. 187 Misc. 543). The amount of arrears having been fixed and computed by the New Jersey court, the original decree of separation together with the order made thereunder on June 14, 1949, constituted a final decree of that court as to such arrears (*Savoie* v. *Savoie*, 26 N. J. Mis. Rep. 67).

The New Jersey judgment of separation standing alone may not be made the judgment and decree of this court, enforcible in the same manner as if that decree were the final judgment of this court. Only the order made by the New Jersey court, pursuant to its decree of separation, in which it definitely fixed the amount of arrearages due and owing may be made the judgment of this court. Once that is done, however, that judgment for arrearages of alimony has the same force, effect and validity and is to be enforcible against the defendant husband in the same manner as if the New Jersey order were the order of this court.

The decretal provisions in the judgment appealed from are correct insofar as they relate to the specific amount of arrearages of alimony and counsel fees fixed by the New Jersey court order of June 30, 1949 (*Moore* v. *Moore*, 143 App. Div. 428, affd. 208 N. Y. 97; *Wemple* v. *Wemple*, 219 App. Div. 241; see, also, *Griffin* v. *Griffin*, 327 U. S. 220, 233).

It is contended that since the order of the New Jersey court adjudicating the amount of arrears, did not grant any of the equitable remedies such as security, sequestration or enforcement of the payment of arrears by contempt proceedings, the New York courts may not grant such remedies. Nowhere has appellant shown that respondent has lost such equitable remedies in the State of New Jersey. On the contrary they would be available to her there if appellant had remained within the jurisdiction of the State of New Jersey. By leaving that State and with no property there, appellant has effectively blocked respondent's remedies in New Jersey.

It would be a fine state of affairs indeed if appellant could leave his wife without any effective remedy in New Jersey and by coming here relieve himself of his obligations to pay the amount of arrearages as determined by the New Jersey court except in the manner prescribed for any ordinary money judgment. That is precisely the situation which sections 1171 and 1172 of our Civil Practice Act were designed to prevent. Those sections indicate the legislative policy not to have absconding or delinquent husbands use this State as a haven of refuge to avoid the effective enforcement against them of final judgments and orders of other States, adjudicating the amounts of unpaid alimony, under decrees in matrimonial actions for any cause which we recognize in this State.

With this interpretation of the judgment appealed from, it is unnecessary to modify any of the decretal provisions which, literally read and without the limitations imposed in this opinion, might leave some doubt with respect to their scope. The judgment appealed from should be affirmed, with costs to respondent.

PECK, P. J., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously affirmed, with costs.