Samuel Rabin, J.
This is a motion by the defendant made pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that this court has not jurisdiction of the subject of the action.
The plaintiff obtained a judgment for separate maintenance in the Superior Court of New Jersey, Chancery Division, Bergen County. Therein the defendant was directed to pay permanent alimony in the total sum of $3,600 a year for the support of the plaintiff and the infant child of the parties, in equal instalments of a total of $150 “ twice monthly.” The defendant was also directed to pay the sum of $800 arrears in temporary alimony, taxable costs, together with the sum of $500 counsel fees. The instant action is to recover the total sum of $7,805 alleged to be due under the foregoing provisions of the New Jersey decree and for incidental relief by way of security, sequestration and injunction.
It is the contention of the defendant that this action may not be maintained until the plaintiff has first procured an order from the rendering court in New Jersey definitely fixing the amount of the arrears.
It is well settled that where the rendering court has the power to modify its decree with retroactive effect and thus reduce the amount of unpaid arrears or extinguish them entirely, *963 no action may be maintained in this State to recover them until the amount thereof has first been definitely fixed by the rendering court. When that is done, the original decree and the order fixing the amount of arrears together constitute the final decree of that court as to such arrears. (Malts v. Malts, 279 App. Div. 52.) The foreign decree, itself, may not be made the judgment of our courts. Only the arrears due thereunder may be the subject of a domestic judgment.
There is no question that arrears of alimony which have accrued under a matrimonial decree rendered in the State of New Jersey “ do not become vested * * * or take on the attributes of a judgment for the payment of a fixed sum until this [New Jersey] court so orders.” (Madden v. Madden, 136 N. J. Eq. 132, 136; Rossi v. Rossi, 187 Misc. 543, affd. 269 App. Div. 821; Phelps v. Phelps, 68 N. Y. S. 2d 650.) Accordingly, the plaintiff cannot maintain an action in this court to recover the arrears which have accrued under the New Jersey judgment of separate maintenance until the rendering court has made an order fixing the amount thereof.
The motion is, therefore, granted and the complaint dismissed without prejudice.
Submit order.