Louis L. Friedman, J.
In this action seeking an order of this court directing that the decree of the Circuit Court of Arlington County, Virginia, be made a judgment of this court with, the same force, effect and validity as if the said decree were the final judgment of this court and for a money judgment for arrears of alimony, plaintiff moves for summary judgment.
The decree entered in the Circuit Court of Virginia provides, among other things, the payment of alimony by the defendant in the sum of $150 per month for the period from January, 1960, to and including October, 1960, and thereafter the sum of $300 per month.
The defendant consents to the granting and entry of a partial judgment for arrears, but opposes the remainder of the relief sought by the plaintiff on the ground that the complaint fails to allege the specific grounds upon .which the decree in Virginia was granted and contends that there are no allegations or proof that the bill for support and maintenance in the Virginia proceeding was founded upon any grounds which would have constituted cause for an action for separation maintainable in the State of New Torh.
Considering only the papers originally submitted on this motion, defendant’s objection has merit. However, plaintiff, with the consent of defendant, has submitted additional papers consisting of the original pleading in the Virginia court and the separation agreement. Thus, there is now as complete a record upon which a determination may now be made as if the matter had been tried.
It is apparent that the purpose of the plaintiff’s action is to obtain the equitable relief provided for in section 1171 of the Civil Practice Act relating to the right of sequestering the defendant’s property, appointment of a receiver, etc. Section *310 1171 of the Civil Practice Act provides that a plaintiff may obtain an order for sequestration and other equitable relief where the judgment rendered in another State for separation or separate support and maintenance is predicated on any of the causes specified in sction 1161 of the Civil Practice Act. This section, as well as section 1172 of the Civil Practice Act, indicates a legislative policy to prevent absconding or delinquent husbands from using this State as a refuge to avoid the effective enforcement against them of final judgment and orders of other states recognized by this State (Smith v. Smith, 255 App. Div. 652; Maltz v. Maltz, 279 App. Div. 52), Accordingly, a wife in attempting to enforce a judgment for unpaid alimony rendered by a foreign court is not confined to an ordinary judgment for money only, but may seek the equitable remedies of security sequestration, receivership, etc., as provided for in section 1171 of the Civil Practice Act (Maltz v. Maltz, supra). Such relief may not be granted unless an action is brought to recover the unpaid alimony and the foreign judgment is made the judgment of the courts of this State. These remedies apply only after such foreign judgments have been reduced to judgment in the courts of this State (Smith v. Smith, 249 App. Div. 660; Griffin v. Griffin, 275 App. Div. 541).
However, before the courts of this State may recognize and enforce such foreign decrees, three considerations must enter into the determination relating to the enf orcibility of the alimony provisions of the foreign decree, i.e. (1) did the foreign court have jurisdiction over both the marital res and the person of the husband; (2) are the arrears final or nonmodifiable; and (3) was the judgment granted on grounds authorized by our own statutes for similar relief? The latter consideration is essential when the equitable remedies provided for by sections 1171 and 1172 of the Civil Practice Act are sought.
Applying these principles to the facts presented herein it is undisputed that the parties were not only residents of the State of Virginia but that the court in the State of Virginia had jurisdiction over the person of the husband. Accordingly, the question of jurisdiction poses no dificulty and is easily disposed of.
As indicated, an indispensable prerequisite to the maintenance in our State of an action to recover arrears of alimony due under the decree of another State is that the arrears are non-modifiable. A decree for alimony payable in the future is considered, as to installments past due and unpaid, a final judgment and is entitled to full faith and credit with respect thereto, provided no modification of the foreign decree was made prior *311 to the maturity of such installments (not denied by the defendant) or unless by the law of the State in which said decree was rendered its enforcement is completely within the discretion of the court which granted it, that it may modify or annul the decree as to overdue and unsatisfied installments (Sistare v. Sistare, 218 U. S. 1; Smith v. Smith, 249 App. Div. 660; Rosenberg v. Rosenberg, 118 N. Y. S. 2d 813).
Where under the law of the foreign jurisdiction, outstanding arrears of alimony under a judgment remain subject to modification, an action to recover the arrears in this State may be brought only after the arrears have been definitely fixed by the foreign court by the entry of a judgment for such arrears (Maltz v. Maltz, 279 App. Div. 52, supra ; Rossi v. Rossi, 187 Misc. 543, affd. 269 App. Div. 821; Carter v. Carter, 17 Misc 2d 962).
Although no Virginia law has been pleaded or submitted, this court is empowered by the provisions of section 344-a of the Civil Practice Act to take judicial notice of any statute or law of a sister State and pass upon its validity and effect (Pfleuger v. Pfleuger, 304 N. Y. 148). Though this court has been unable to find any statute of the Commonwealth of Virginia wherein the court is directed to retain or reserve to itself the right to modify a decree granting support and maintenance, it has been held by the Virginia courts that where a decree relating to alimony has been entered based upon a contract or stipulation (as herein), the jurisdiction of the court is limited on the question of alimony to the terms of the stipulation or contract between the parties and cannot modify, increase or decrease the payments so stipulated and made part of the decree (Henebry v. Henebry, 185 Va. 320). Accordingly, the subject decree is final and conclusive and may be made a decree of this court if the judgment is predicated on grounds authorized by our statutes for similar relief. In any event there being no reservation in the decree itself of any power on the court’s part to modify the alimony, support and maintenance, the obligations of the defendant were definitely fixed, and entitle the plaintiff to recover the amount thereby established to be due and owing to her, in the courts of this State (Tiedemann v. Tiedemann, 172 App. Div. 819, affd. 225 N. Y. 709, appeal dismissed 251 U. S. 536).
The remaining consideration to bo disposed of revolves around the right of the plaintiff to avert the equitable remedies provided for by section 1171 of the Civil Practice Act. The conditions attached to such right are that the decree of the sister State be one 16 for any of the causes specified in section eleven *312 hundred and sixty-one of this act.” It is interesting to note that the provisions of section 1171 in characterizing the nature of the foreign decree not only refer to an action for separation, but also one for ‘ ‘ separate support and maintenance. ’ ’
It is apparent that though this State does not provide for such an action, the Legislature in formulating the contents of this section must have considered that such an action was maintainable in other sister jurisdictions, and under the circumstances, has afforded a plaintiff the remedy of sequestration, etc., provided the foreign action for support and maintenance was based on the neglect or refusal of a husband to support his wife, one of the prerequisites set forth in section 1161 of the Civil Practice Act.
An examination of the complaint or bill for support and maintenance of the action in the Circuit Court of Virginia reveals that while the action was predicated on the breach of a separation agreement between the parties relating to plaintiff’s support, it was an action for separate support and maintenance resulting from the neglect or refusal of the defendant to support the plaintiff. Separate maintenance is the allowance granted a wife for the support of herself and children while living separate and apart from her husband without fault of her own and may be decreed in an action brought solely for that purpose and not for a separation or divorce. The courts of Virginia have recognized such an action (Almond v. Almond, 4 Rand. [25 Va.] 662; Purcell v. Purcell, 4 Hen. & Mun. [14 Va.] 507).
When the foreign decree meets the requirements of our statutes, the remedies therein apply equally to the enforcement of the payment of past due as well as future installments of alimony (Moore v. Moore, 143 App. Div. 428, affd. 208 N. Y. 97).
Under the circumstances, the plaintiff’s motion for summary judgment is granted in its entirety. Settle order on notice.