Harry B. Frank, J.
This is a novel application brought on by order to show cause wherein plaintiff seeks to have defendant punished for contempt for his failure to make alimony payments alleged to be due under a judgment of divorce granted to the defendant in Chihuahua, Mexico, on May 24, 1968.
Defendant cross-moves to vacate the order to show cause and to dismiss the application for failure to state a claim upon which relief can be granted on the ground that there is neither a pending matrimonial action between the parties nor an underlying decree “made by a court of competent jurisdiction” directing payment by defendant of a specified amount in which he has been adjudged in arrears.
Plaintiff contends that section 245 of the Domestic Relations Law and section 466 (subd. [c], pars, [i], [ii]) of the Family Court Act, as amended in 1965, invest this court with the power to directly enforce, by way of contempt proceedings, the alimony provisions of a foreign judgment or decree of divorce.
Section 245 of the Domestic Relations Law provides as follows : ‘ ‘ Where the husband, in an action * * * for the *746 enforcement in this state of a judgment for divorce * * * rendered in another state, make's' default in paying any sum of money as required by the judgment or order directing the payment thereof, and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced, by means of the sequestration of his.property, or by resorting to the security, if any, given as prescribed by statute, the court, in its discretion, may make an order requiring the husband to show cause before it at a time and place therein specified why he should not be punished for his failure to make the payment; and thereupon proceedings must be taken to punish him, as prescribed in article nineteen of the judiciary law for the punishment of a contempt of court other than a criminal contempt (Italics added.)
Section 466 (subd. [c]) of the Family Court Act, as amended in 1965, provides in pertinent part that the Family Court may entertain an application for the enforcement or modification of an order or decree granting alimony or support entered by “a court of competent jurisdiction not of the state of New York ”.
Prior to the amendment of section 466, as above set forth, the enforcement provisions of section 245 of the Domestic Relations Law (and its identical predecessor, Civ. Prac. Act, § 1172) were held to have no application to the matrimonial decrees of foreign countries (Boissevain v. Boissevain, 252 N. Y. 178), and could be used to enforce the decree of a sister State only if such degree had been entered on a ground which was recognized as a valid basis for divorce in this State (Matter of Seitz v. Drogheo, 21 N Y 2d 181).
This limited applicability of section 245 was, however, markedly altered by the afore-noted amendment of subdivision (c) of section 466 of the Family Court Act. As a consequence of such amendment both the Family Court and the Supreme Court (by virtue of article VI of the Constitution) were empowered to entertain applications to enforce and modify the alimony and support provisions of foreign decrees irrespective of the grounds upon which such decrees were granted (Matter of Seitz v. Drogheo, supra). In light of such result, there is no question that this court now has the requisite jurisdiction to enable it to entertáin an application to enforce or modify the alimony provisions of a foreign matrimonial decree such as that asserted by the plaintiff.
The critical question in this case, however, is whether plaintiff has proceeded properly in order to obtain such enforcement by way of contempt.
*747 While the amendment of section 466 (subd. [c]) of the Family Court Act had the effect of enlarging the jurisdiction of this court so as to include all foreign matrimonial decrees among the class of judgments subject to enforcement, it is section 245 of the Domestic Relations Law which governs the procedural format which must be pursued in order to effect such enforcement by way of contempt.
As previously noted, section 245 authorizes the punishment for contempt of the husband for the disobedience of a judgment or order “in an action * * * for the enforcement in this State of a judgment for divorce * * # rendered in another State ’ ’, directing the payment of money. The precise meaning of this provision becomes clear upon reference to the manner in which it was applied prior to the amendment of section 466 (subd. [c]), when it was not available to all foreign matrimonial judgments but only to those of sister States entered on grounds recognized in New York. At that time, when the contempt provisions of section 245 (or its predecessor) were resorted to for the enforcement of an appropriate sister-State decree, it was held that such section did not grant power to proceed directly for contempt upon a failure to comply with the out-of-State decree but, by its very language, required in the first instance that there be an order or judgment in an action in this State for the enforcement of the foreign judgment. It was made very clear that the judgment, disobedience of which would warrant punishment by contempt, was not the judgment entered in the other State, but the judgment or order in the New York action for the enforcement of the former. In other words, the remedy of contempt extended by section 245 was held available to the judgments of other States only after such judgments had been reduced to judgments in the courts of this State, this expressly being the means provided by our Legislature for enforcement by contempt (Griffin v. Griffin, 275 App. Div. 541; Smith v. Smith, 249 App. Div. 660; Chamberlain v. Chamberlain, 32 Misc 2d 308).
While the amendment of section 466 (subd. [c]) of the Family Court Act broadened the class of non-New York judgments to which enforcement relief could be extended by this court, it in no way altered, amended or abrogated the procedures mandated by section 245 as a prerequisite to achieve such enforcement by way of contempt. As a result of the amendment of section 466 all foreign judgments now occupy the same position as was previously accorded only to the judgments of sister States entered on grounds recognized in New York, but there is nothing *748 contained in that amendment which exempts all, or any, of such judgments from the unaltered requirement of section 245 that before enforcement by contempt proceedings may ensue there must first be disobedience of a judgment or order ‘ ‘ in an action * * * for the enforcement in this state of a judgment for divorce [etc.] * * * rendered in another state ”. Since such requirement still prevails, the procedure followed by plaintiff in this case — i.e., moving directly to punish defendant for contempt upon his failure to comply with the alimony provisions of the Mexican decree — cannot be sustained.
Of course, while the instant procedure is improper insofar as this court is concerned, it may be otherwise in the Family Court which has its own rules and forms pertaining to enforcement proceedings (see Matter of Seitz v. Drogheo, supra).
Accordingly, this application is denied and the cross motion granted, both, however, without prejudice to the institution of a proper proceeding in this court or an appropriate proceeding in the Family Court.