Arthur W. Lonschein, J.
This is an action to recover a sum of money allegedly ¡unpaid and due pursuant to a judgment of divorce entered in the State of Nevada. That judgment, in awarding ¡support and maintenance to the plaintiff herein pro *654 vided, inter alia, that the Nevada court retained jurisdiction over all matters concerning her support.
The defendant does not deny that he failed to make the required payments pursuant to the decree, but moves for judgment on two grounds: first, that this court has no jurisdiction over the subject matter because the Nevada court reserved to itself jurisdiction over all matters ” concerning the support of plaintiff, thus foreclosing this court of jurisdiction in a lawsuit for moneys due under that foreign judgment; and second, that the Nevada court must enter judgment fixing the arrears ■under the original judgment as a prerequisite to maintaining this lawsuit for judgment on those arrears.
Both contentions are without merit. Ordinarily, an action brought in this State for money due as arrearages under a foreign divorce judgment is maintainable since a divorce decree in another State must be given full faith and credit in the courts of this State. (Matter of Rhinelander, 290 N. Y. 31; Van Horn v. Van Horn, 196 App. Div. 472; Barber v. Barber, 323 U. S. 77.) However, in order to recover such arrearages in our ¡State those arrearages must be vested and not be subject to a modification or a reduction before the foreign court. (Sistare v. Sistare, 218 U. S. 1; Smith v. Smith, 249 App. Div. 660; Chamberlain v. Chamberlain, 32 Misc 2d 308.) If the law of the foreign jurisdiction permits a reduction or modification, an action to recover in this State can be maintained only after the arrears have been fixed by the courts of the foreign jurisdiction. (Rossi v. Rossi, 187 Misc. 543, affd. 269 App. Div. 821.)
While it is undisputed that no such application has been made to the foreign court, this court holds that no such application need be made to the foreign court in order to recover in this action. An examination of the applicable Nevada. statute (Nev. Rev. Statutes, tit. 11, ch, 125, § 125.170) makes it quite clear that “ in divorce actions, installment judgments for alimony and support to the wife shall not be subject to modification as to accrued installments.” It is only those installments not yet due that may be subject to modification according to Nevada law. The cases cited by the defendant are inapposite since they deal with States having laws similar to our own section 244 of the Domestic Relations Law, which gives a court discretion to grant or deny leave to docket a judgment for past-due alimony. (Mittman v. Mittman, 30 A D 2d 867.)
The argument that only the Nevada court has jurisdiction to grant plaintiff the relief sought must likewise fall. The Nevada Revised Statutes (tit. 11, ch. 125, § 125.170) sets forth that an *655 application to modify a divorce judgment with respect to future installments of alimony may not be maintained unless the court granting judgment retained jurisdiction for such modification. The retaining of jurisdiction, in the divorce decree upon which this lawsuit is based, it would appear, was to comply with the terms of that Nevada statute which gave the court power to modify its own judgment m futuro. In any event, section 125.180 of the same Nevada statute gives a Nevada court which grants a divorce judgment certain powers to enforce it; and in addition to its own power to enforce, specifically provides that such power is “in addition to any and every other remedy to which the wife may be entitled under the law ” and I hold that the institution of this plenary action constitutes such “any and every other remedy.”
Judgment for plaintiff for the amount demanded in her complaint.