RENEE TANNENBERG, Respondent, v DONALD T. BELDOCK, Appellant.

First Department, May 24, 1979

308

**APPEARANCES OF COUNSEL**

*Paul A. Feigenbaum* of counsel *(Eleanor B. Alter* with him on the brief; *Marshall, Bratter, Greene, Allison & Tucker,* attorneys), for appellant.

*Raoul Lionel Felder* for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

This appeal challenges the power of the Supreme Court of the State of New York, in the absence of a pending action or special proceeding, to entertain an application on motion to

enter judgment for arrears for child support due under a separation agreement incorporated into a Mexican decree of divorce.

The parties were married on March 24, 1957 and have two children, a son, now 18, and a daughter, almost 15. On July 4, 1969, they entered into a separation agreement, the terms of which were incorporated by reference, but not merged, into a Mexican decree of divorce, entered May 9, 1970.

The separation agreement provided that the husband was to pay the wife $1,000 per month for the children's support. In addition to basic support he was to pay for their education, clothing, hospital, medical and dental expenses. There was to be no diminution in this obligation, even if the children were temporarily residing with him.

When the husband failed to pay the monthly child support for the months of January and February, 1978, the wife, by order to show cause and supporting affidavit, sought the entry of a money judgment in the sum of $2,000. The order to show cause and supporting papers were eventually personally served upon the husband, but not without some difficulty.

The husband treated the wife's application as a special proceeding, and interposed an answer and counterclaim. In his accompanying affidavit he stated: "Indeed, although in January and February of this year I have ceased making the required monthly payments of $1,000 to petitioner, I have opened a bank account for the benefit of each of my children and have deposited those funds in the accounts." The husband asked for the imposition of a constructive trust on the child support payments which he had made to the wife, an accounting, and a direction that all future child support payments be deposited directly in bank accounts for the benefit of the children. He also moved to add the wife's new husband as a party defendant on the counterclaim, which alleged a diversion of the child support payments for the use and benefit of the wife and her new husband. The wife moved to dismiss the answer and counterclaim.

Citing *Matter of Seitz v Drogheo* (21 NY2d 181), Special Term compared the proceeding to a motion brought to enforce the support provisions of a domestic judgment (see Domestic Relations Law, § 244) and held that the wife's application was procedurally proper. Nevertheless, it denied the application, without prejudice, on the narrow ground that the moving papers did not contain a certified copy of an English transla-

tion of the Mexican decree. Special Term further held that the husband's prayer for relief must consequently fall because of the denial of the wife's application and that his service of an answer and counterclaim was procedurally impermissible.

Immediately thereafter, the wife brought on a second application, again by order to show cause, but with supporting papers which included a certified copy of an English translation of the Mexican decree. She now asked for judgment for three months' arrears, instead of two. Because of the difficulty encountered in effectuating personal service on the husband on the first application, the order provided for service on his attorneys. In the interim, however, one day before the signing of the second order to show cause, the husband had commenced a plenary action for the relief previously sought in his counterclaim.

In opposition to this second application, the husband, as he did initially, attacked the merits of the wife's claims, citing the fact that the children were away at school and no longer residing with the mother, that he paid all of their living expenses, and that the wife and her new husband, maintaining a lavish life-style, had been diverting the children's support payments for their own use since 1975. In addition, the husband claimed a number of procedural infirmities in the wife's application, viz., that she had not properly invoked the court's jurisdiction because she had failed to convert the Mexican decree to a domestic judgment; that by virtue of the commencement of his plenary action there was a prior action pending involving the same issues; and that the court lacked personal jurisdiction over him.

Special Term granted the wife's application and directed the entry of judgment for arrears in the sum of $3,000, including interest and costs. This appeal followed.

■ It is the husband's contention that, in the absence of a domestic judgment to serve as the jurisdictional basis, a motion for judgment for arrears in alimony or support does not lie. He contends that the wife must seek enforcement by one of the two methods of proceeding in the Supreme Court, namely, by action or by special proceeding. We disagree.

The exclusive remedy by which to seek judgment for arrears in alimony or child support due under a domestic judgment is section 244 of the Domestic Relations Law. *(Kahn v Sampson,* 23 AD2d 539; *St. Germain v St. Germain,* 25 AD2d 568.) As this court stated in *Kahn (supra):* " 'A claim for unpaid

alimony under a *domestic matrimonial judgment* or order cannot be made the basis for recovery in an independent action. The exclusive remedy is an application in the matrimonial action pursuant to section 1171-b [now Domestic Relations Law, § 244] of the Civil Practice Act.'" (Citing *Leitman v Leitman,* 21 Misc 2d 653, 655, affd 9 AD2d 682, mot for lv to app den 9 AD2d 783, and cases.)

With the enactment of subdivision (c) of section 466 of the Family Court Act (L 1965, ch 355, eff Sept. 1, 1965), which authorized the Family Court to enforce and modify the alimony and support provisions of courts *"not of the state of New York",* a remedy was created for enforcement and modification of foreign decrees.* This statutory remedy was further augmented by the Court of Appeals in *Matter of Seitz v Drogheo* (21 NY2d 181, 186, *supra),* which held that the Supreme Court has concurrent jurisdiction to entertain applications to enforce or modify foreign alimony and support decrees: "While it is true that section 466 does not directly confer jurisdiction on the Supreme Court, concurrently with the Family Court, to entertain applications for the enforcement and modification of foreign alimony and support decrees, we have held that '[o]nce the Legislature create[s] the [new] cause of action, jurisdiction to entertain it *automatically* vest[s] in the Supreme Court by virtue of article VI of the Constitution.' *(Thrasher v. United States Liab. Ins. Co.,* 19 N Y 2d 159, 166, *supra;* emphasis added.)"

Although there can be no doubt that the Supreme Court has jurisdiction concurrent with the Family Court to entertain enforcement or modification proceedings of foreign decree alimony or support provisions, the procedure to be followed is not all that clear. In the Family Court an application to enforce or modify the alimony of support provisions of a foreign decree is commenced by service of a summons and petition. (See Family Ct Act, §§ 423, 426.) A summons would seem to suggest a plenary action; a petition a special proceeding. Here, the application was commenced by order to show cause and was supported by affidavit, not a petition. Moreover, in Family Court a defendant would be entitled to personal

---

* Although section 466 explicitly refers to alimony and support provisions of foreign decrees, the enforcement and modification remedy provided therein is limited to alimony. Section 461 of the Family Court Act (L 1962, ch 686), enacted three years previously, already provided for the enforcement and modification of support provisions of "the supreme court or of another court of competent jurisdiction".

notice (Family Ct Act, § 427) and a hearing (Family Ct Act, § 433).

A plenary action, which is commenced by service of a summons (CPLR 304), would, of course, provide the husband with the benefit of the full panoply of pretrial proceedings provided by the CPLR. In a special proceeding, which is commenced by service of a notice of petition or order to show cause (CPLR 304), he would have the right to counterclaim (CPLR 402); to disclosure as provided by CPLR 3102 (subd [a]), leave of the court (CPLR 408); and, to a hearing on the merits where factual issues exist (CPLR 410). The availability of all of these pretrial procedures would frustrate the "quick remedy" that section 466 of the Family Court Act was intended to provide (see *Matter of Silver v Silver,* 36 NY2d 324, 326-327), and would work a result antithetical to underlying public policy considerations.

The husband cites *Ehrenzweig v Ehrenzweig* (86 Misc 2d 656, affd 61 AD2d 1003), *Santamaria v Santamaria* (74 Misc 2d 657), and *Cooperman v Cooperman* (62 Misc 2d 745) for the proposition that, when seeking enforcement pursuant to section 244 of the Domestic Relations Law, the foreign decree which is sought to be enforced must first be made a New York judgment. These cases involve enforcement proceedings other than applications for judgment for arrears, such as application for contempt and posting of security, and are not in conflict with our holding here. For reasons all too obvious, other enforcement remedies are unavailable until the foreign decree is first made a domestic judgment. But it is the Family Court Act (§ 461, subd [b], par [i]; § 466, subd [c], par [i]) which provides the remedy by which the foreign decree alimony or support provision is made a New York judgment. And, as already noted, the New York State Constitution (art VI) vests the Supreme Court with concurrent jurisdiction over such proceeding. (See *Matter of Seitz v Drogheo,* 21 NY2d 181, *supra; Kagen v Kagen,* 21 NY2d 532.)

Thus, the only unsettled issue is whether a section 461 or 466 Family Court Act application on a foreign decree in the Supreme Court must be brought in accordance with the Family Court Act provisions by service of a summons and petition or whether like its analogue for the enforcement and modification of domestic judgments (Domestic Relations Law, § 244) it may be brought procedurally as a motion at the foot of a decree.

Although it is axiomatic that our courts "are under no constitutional compulsion to give full faith credit" to foreign judgments *(Rosenstiel v Rosenstiel,* 16 NY2d 64, 73; see *Aetna Life Ins. Co. v Tremblay,* 223 US 185, 190), we have frequently recognized such judgments "as a matter of comity". *(Rosenstiel v Rosenstiel, supra,* 74; see *Fabrikant v Fabrikant,* 19 NY2d 154.)* Of course, a judgment for arrears due under a foreign or sister State divorce decree will be entered only where the arrears are vested and nonmodifiable, whether the application is brought pursuant to subdivision (c) of section 466 or subdivision (b) of section 461 of the Family Court Act, or under CPLR article 54. *(Ehrenzweig v Ehrenzweig,* 61 AD2d 1003, 1004, *supra; Wolfe v Wolfe,* 86 Misc 2d 313; *Hoch v Hoch,* 80 Misc 2d 653.)* In *Schoenbrod v Siegler* (20 NY2d 403, 408-409), the Court of Appeals noted: "Unlike our own courts which have power to 'relieve a party from [a judgment] * * * upon the ground of * * * newly-discovered evidence' (CPLR 5015, subd. [a]), the courts of Mexico do not have jurisdiction or power to vacate their own divorce decrees for any reason at all."

Therefore, since under Mexican law accrued arrears are nonmodifiable and vested, there is no legal impediment to our courts granting judgment for such arrears.

◼ The husband's claim that the wife's application should be barred because he previously commenced another action involving the same issues is a facile but faulty maneuver which ignores the procedural reality that if not for a purely mechanical defect, the wife's initial application would be the outstanding proceeding by which to measure priority. It would be inequitable to permit the husband to obtain a dismissal by virtue of a technical defect in the wife's papers. Under the circumstances, the wife's second application was a continuation of the initial proceeding, rather than an original proceeding.

◼ The argument that the wife's application should be dismissed for lack of personal jurisdiction is devoid of merit. Because of the difficulty in serving the husband on the first application, the court issuing the order to show cause on the second application permitted service on his attorneys. The husband is a New York domiciliary who had been personally served in the initial proceeding, which was dismissed without prejudice to renewal upon papers which were to include an English translation of the Mexican decree. As already noted,

the second application was, for all intents and purposes, a continuation of the original application. Moreover, the husband has been represented throughout by the same attorneys, so that service of the moving papers on them did not work any conceivable hardship.

■ Nor, as the husband contends, was a hearing warranted. He has admitted his failure to meet the support payments which he had bound himself to make by an agreement which he voluntarily signed, and which now has been incorporated into a decree. The life-style of his wife is not an issue in her application to obtain arrears. The issue of whether there has been a diversion of support payments, and the possible need for remedial action, such as an accounting, are issues properly reserved for resolution in the husband's own plenary action to obtain such relief. The wife cannot be forced to litigate issues which are not properly before the court.

Accordingly, the order, Supreme Court, New York County (BLYN, J.), entered September 15, 1978, and the judgment of November 28, 1978, entered thereon, granting the application to enter a money judgment for arrears in the sum of $3,000, should be affirmed, without costs or disbursements.

FEIN, J. P., LANE, LUPIANO and ROSS, JJ., concur.

Order, Supreme Court, New York County, entered on September 15, 1978, and judgment entered thereon on November 28, 1978, affirmed, without costs and without disbursements.