■ Mary K. Lee, Appellant, v Maurice A. Lee, Respon-

dent.—In a special proceeding brought pursuant to Domestic Relations Law § 244 to recover arrears of child support allegedly due under a Wisconsin judgment of divorce, the petitioner appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered June 12, 1984, which denied the petitioner's motion for leave to enter a judgment as to further arrears.

Order affirmed, without costs or disbursements.

The petitioner and the respondent were married in Oklahoma and were subsequently divorced in Wisconsin. The Wisconsin judgment of divorce provided that the respondent was to provide $50 per week as support for the three children of the marriage. Allegedly, child support arrears accrued when the parties were living in Wisconsin. The petitioner subsequently moved to California, and the respondent moved to Pennsylvania, where arrears allegedly accrued. The respondent then moved to Dutchess County, New York, where further arrears allegedly accrued.

The petitioner moved by order to show cause accompanied by her New York attorney's affidavit for leave to enter a judgment for arrears in child support. By order dated January 13, 1983, the Supreme Court, Dutchess County (Coppola, J.), held that the petitioner was entitled to a judgment in the sum of $2,168.30 for the arrears accruing in New York, since said arrears were uncontroverted. The petitioner was directed to serve and file a note of issue for a hearing to determine the amount of further arrears, if any, and to determine counsel fees.

After a hearing, the motion was denied because the petitioner had failed to comply with CPLR article 54 in filing the Wisconsin judgment. Under the circumstances of this case and in view of the petitioner's concession on appeal that the Wisconsin judgment is modifiable, relief was properly denied (see, Tannenberg v Beldock, 68 AD2d 307, 313). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.