(October 7, 1986)

■ GERALDINE D. SCHOONHEIM, Respondent, v HAROLD EPSTEIN et al., Appellants.—Orders of the Supreme Court, New York County (Alvin F. Klein, J.), entered May 22, 1985 and September 10, 1985, upon reargument, as granted by order of this court entered July 3, 1986, which, *inter alia,* recalled and vacated this court's prior order of affirmance entered April 15, 1986, affirmed, without costs.

Sylvia M. Schoonheim seeks to recover past-due alimony and support payments to which she claims entitlement under a 1955 Alabama divorce decree. The decree provided that her husband, since deceased, would make alimony and support payments totaling $10,000 a year in monthly installments.

Reargument of this appeal has been granted to consider further whether the past-due alimony and support payments at issue would be accorded the status of vested and final money judgments under Alabama law. If so, they must be given full faith and credit in this State and may be enforced, in the manner of any other money judgment, within a statutory period of 20 years. *(See,* US Const, art IV, § 1; *Sistare v Sistare,* 218 US 1 [1910]; *Smith v Smith,* 249 App Div 660 [2d Dept 1936]; CPLR 211 [b].) If not, the applicable Statute of Limitations for plaintiff's claims is six years (CPLR 213).

In *Austin v Austin* (364 So 2d 301 [1978]), the Alabama Supreme Court seemed to indicate that claims for past-due

alimony and support made, as here, against a spouse's estate would not be accorded the status of money judgments. On reargument, however, plaintiff has drawn our attention to *Ex parte Morgan* (440 So 2d 1069), decided by the Alabama high court in 1983. Although the *Morgan* court does not expressly overrule *Austin,* it distinguishes it so sharply as to deprive it of all precedential force. Treating *Austin* as an "inexplicable circumstance", the court in *Morgan* held flatly that "past due installments of child support—like past due installments of alimony found in *Andrews [Andrews v City Natl. Bank,* 349 So 2d 1 (Ala 1977)]*—create a final monied judgment, and * * * a writ of garnishment is a legally permitted method of collecting that judgment. There is no logical reason for having the judgment of past due installments reduced to a monied judgment. It is already a monied judgment." *(Ex parte Morgan, supra,* at pp 1071, 1072.)

It would appear, then, that insofar as the decreed alimony and support payments here at issue have not been made, plaintiff's claims therefor would be treated as vested and final moneyed judgments under Alabama law and so are enforceable in this State within a 20-year statutory period.

The other points raised by defendants-appellants have been considered and found to be without merit. Concur—Murphy, P. J., Sandler, Lynch, Kassal and Wallach, JJ.