Henry J. Latham, J.
This is a motion by plaintiffs (a) for counsel fees, (b) to require defendant “ to pay the sum of two thousand and no/100 ($2,000.00) dollabs for the vacation of the infant plaintiffs” and (c) to require defendant “ to pay ONE HUNDRED TWENTY-EIVE and UO/100 ($125.00) DOLLABS per week for the support of each 8 8 * [of the] infant plaintiffs ”. Defendant cross-moves to dismiss the complaint on the ground that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7) and on a defense founded upon documentary evidence (CPLR 3211, subd. [a], par. 1).
Plaintiffs in this action are the divorced wife and the infant children of the defendant. The complaint sets forth four causes of action, the first to recover alleged arrearages of support and maintenance payments for the infant plaintiffs as provided for in a separation agreement entered into between plaintiff Anita *857 ICagen fíeisner and the defendant. TJie second, third and fourth causes of action are for declaratory judgment (a) that the infant plaintiffs are entitled to annual support payments totaling $7,500 per year for each, (b) that the infant plaintiffs are entitled to an annual vacation fund of $1,000 per year for each and (c) that the defendant should establish for the infant plaintiffs an educational fund of $2,000 per year for each. It appears that the aforesaid separation agreement has been ‘ ‘ incorporated by reference ” in an absolute decree of divorce granted by the Third Civil Court for the Bravos District, State of Chihuahua, Republic of Mexico, on August 22,1962.
As to the second, third and fourth causes of action, this court lacks subject matter jurisdiction. (Langerman v. Langerman, 303 N. Y. 465.) Plaintiffs’ contention that the law has been changed since the Langerman decision is without merit. The court in Langerman clearly held that the Supreme Court of this State does not have inherent equity powers to provide for the support and maintenance of infants. While the Constitution of the State of New York was amended after that decision, the amendment did not increase the equity jurisdiction of this court. (See N. Y. Const., art. VI, § 7; ef., also, N. Y. Const., art. VI, § 13, subd. b, par. [4].) The Supreme Court, therefore, may grant support and maintenance for infant children only where it is statutorily permissible. (See Langerman v. Langerman, supra.)
There is no statute, relevant to this case, providing for award of support and maintenance for children other than section 240 of the Domestic Relations Law and article 4 of the Family Court Act. Section 240 of the Domestic Relations Law is self-limiting to actions “ (1) to annul a marriage or to declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, or (4) to obtain, by a writ of habeas corpus or by petition and order to show cause, the custody of or right to visitation with any child of a marriage ” and therefore is not applicable to this action. Support proceedings pursuant to article 4 of the Family Court Act are within the 1 ‘ exclusive original jurisdiction ’ ’ of the Family Court (Family Ct. Act, § 115, subd. [a], par. [ii]: § 411).
Plaintiffs ’ reliance upon the decision in Matter of Guillermo v. Guillermo (43 Misc 2d 763) for their argument that this court’s jurisdiction has been expanded is not well founded. The court in Guillermo clearly states (p. 765): “Except in separation, divorce, annulment, custody or visitation controversies, where child support is incidentally within the province of the Supreme Court by statute, the Family Court still has 1 exclusive original jurisdiction over support proceedings ’ ”,
*858 Since this court determines that it lacks jurisdiction to try the second, third and fourth causes of action, it does not now rule on the question of their legal sufficiency.
Accordingly, the second, third and fourth causes of action are dismissed without prejudice to whatever proper remedy plaintiffs may be advised to pursue.
As to the first cause of action to recover arrearages for the alleged breach of the separation agreement, the court notes that the infant plaintiffs were not parties to that agreement, that the agreement provides that the sums to be paid for their support and maintenance are to be paid to their mother and that she is a party to this action. Under the circumstances, the infant plaintiffs may not properly bring an action to enforce the separation agreement (Ben Ami v. Ben Ami, 9 A D 2d 646, affd. 8 N Y 2d 885) and, accordingly, the first cause of action is dismissed as to the infant plaintiffs.
The first cause of action, however, sufficiently states a cause of action on behalf of plaintiff Anita Beisner. Defendant, however, contends that he is entitled to judgment upon certain documentary evidence. Said documentary evidence consists of a photostatic copy of a note allegedly in the handwriting of and signed by plaintiff Anita Beisner which reads:11 Begarding your inquiry about camp this year, the same conditions are acceptable with me — with one exception, I would like to have the $50 check per month amounting to $100 for the summer in advance as I do not want to be troubled with calling your office every month for it, and also would appreciate your sending my weekly check promptly without my having to remind the children to remind you.
Anita ’ ’
The separation agreement clearly provides that the defendant shall pay the sum of $50 per week for the support and maintenance of the infants. It contains no provision either modifying or lessening that amount for the months of July and August of any particular year. Defendant argues that the documentary evidence is in fact a written modification of the separation agreement made pursuant to provisions in that agreement allowing for such modification. The text of the document, however, at best indicates a possible prior oral modification, the terms of which are not fully set forth. In any event, upon all of the evidence presented, the court cannot say as a matter of law that the separation agreement was modified as contended by the defendant or that the defendant has complied with the terms of the separation agreement. Accordingly, defendant’s cross *859 motion is denied insofar as it seeks dismissal of the first cause of action on behalf of plaintiff Anita Reisner.
The motion is denied. Neither sections 236, 237 nor 240 of the Domestic Relations Law authorizes the relief requested in an action to enforce a separation agreement.