Burke, J.
This appeal requires us to determine the effect of the 1962 amendment to section 7 of article VI of the State Constitution upon the general original jurisdiction of the Supreme Court.
In August, 1962 Anita and Theodore Kagen entered into a separation agreement which was thereafter incorporated in a Mexican divorce decree. Under one of its provisions, defendant was paying his wife $60 a week for the support and maintenance of their two children. Plaintiff infants, by their parent and natural guardian, Anita Reisner, and Anita Reisner individually commenced the present action in September, 1965. Their complaint sets forth four causes of action, three of which are involved herein. Specifically, plaintiffs seek a declaratory judgment establishing the right of the infants to (1) annual support *535 payments of $7,500 for each infant; (2) an annual vacation fund of $1,000 apiece, and (3) an annual educational fund of $2,000 each.
Defendant moved to dismiss this portion of the complaint. In granting this motion on the ground that the Supreme Court was without subject-matter jurisdiction, the court said: “ There is no statute, relevant to this case, providing for award of support and maintenance for children other than section 240 of the Domestic Relations Law and article 4 of the Family Court Act. Section 240 of the Domestic Relations Law is self-limiting to [specifically enumerated actions] and therefore is not applicable to this action. Support proceedings pursuant to article 4 * * * are within the ‘ exclusive original jurisdiction ’ of the Family Court (Family Ct. Act, § 115, subd. [a], par. [ii]; § 411). ” (48 Misc 2d 856, 857.)
The Appellate Division reversed, relying upon its own prior decision in Vazquez v. Vazquez (26 A D 2d 701), wherein they held that concurrent jurisdiction exists in the Supreme Court and the Family Court to direct support for infants in an ‘ ‘ appropriate [matrimonial] action”. The correctness of this order, sustaining jurisdiction in the Supreme Court, was presented to us as a certified question.
Prior to the 1962 amendment to the Constitution, that document provided in part: ‘‘ The supreme court is continued with general jurisdiction in law and equity ” (N. Y. Const., art. VI, § 1). Under this provision, it was well settled that the Supreme Court lacked jurisdiction to order support and maintenance for the children of a dissolved marriage except as an incident to a proper matrimonial action. Thus, in Langerman v. Langerman (303 N. Y. 465), it was held that an action such as the present one—commenced solely for the support and maintenance of the children—was not within the jurisdiction of the Supreme Court. “ The relief sought may be granted only as an incident to a marital action.” (Id., p. 471.)
In Vazquez (supra), relied upon by the Appellate Division below, that court intimated that the Constitution, as amended effective September 1, 1962, might well have enlarged the jurisdiction of the Supreme Court. However, it was not necessary for that court to reach this point since they found there an “appropriate [matrimonial] action” as required by Longer *536 man. “ We consider an action to declare the invalidity of a foreign decree an appropriate action for the determination of the support of children ” (26 A D 2d, supra, p. 703). Clearly Vazquez is not dispositive here since this is simply an action for a declaration of the rights of children, due to the changed circumstances of the defendant. Consequently, we must consider whether the jurisdiction of the Supreme Court has been enlarged by the present amendment to the Constitution so as to confer jurisdiction over the present action.
Under the new amendment, the Supreme Court is endowed with general original jurisdiction in law and equity. (N.Y. Const., art. VI, § 7, subd. a.) Furthermore, “If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings,” even though the Legislature confer other courts with jurisdiction over these same actions and proceedings. (N. Y. Const., art. VI, § 7, subd. c.)
Prior to this amendment, we had held that, whenever the Legislature created a cause of action unknown at common law, jurisdiction to entertain this action vested in the Supreme Court unless this jurisdiction was specifically proscribed. (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 166.)
Undoubtedly, an argument can be advanced that the words ‘ ‘ new classes of actions and proceedings ’ ’ were intended to refer only to ‘ ‘ classes of actions and proceedings ’ ’ not recognized prior to the effective date of this amendment, merely obliging the Legislature to confer at least concurrent jurisdiction on the Supreme Court each time a new class of action or proceeding was subsequently created—thus unaffecting the jurisdiction of the Supreme Court as it theretofore existed. This same end could have been attained without the aid of a constitutional amendment. (Thrasher v. United States Liab. Ins. Co., supra.)
An alternative construction, which we have adopted, giving the amendment greater significance, is that it was intended to increase the jurisdiction of the Supreme Court even as to “ classes of actions and proceedings ” recognized at the time of the amendment’s adoption. This reading of the amendment removed all limitations previously imposed upon the court’s jurisdiction. In our recent decision, Matter of Seitz v. Drogheo *537 (21 N Y 2d 181,185-186), we determined that the right to commence any proceeding not recognized at common law should be considered a new action or proceeding for jurisdictional purposes under section 7 of article VI of the Constitution. In this way, we are merely adhering to one of our earliest rules of construction, i.e., that the Supreme Court is a court of original, unlimited and unqualified jurisdiction. (See De Hart v. Hatch, 3 Hun 375; Mussen v. Ausable Granite Works, 63 Hun 367; People ex rel. Swift v. Luce, 204 N. Y. 478.)
With reference to this particular action, section 461 (subd. [b], par. [ii]) of the Family Court Act empowers that court to entertain applications for the modification of prior support orders on the basis of a change of circumstances. While a comparable procedure existed in the New York City Domestic Relations Court Act (§ 137) and the Children’s Court Act (§ 33) prior to the adoption of this amended Constitution, such relief was unknown at common law. (Langerman v. Langerman, supra.) Thus, this action is encompassed within the “ new classes of actions and proceedings ” of which the Supreme Court is given jurisdiction in article VI (§ 7, subd. c) of the amended Constitution.
As noted earlier, the Supreme Court, in dismissing these causes of action, relied upon section 411 of the Family Court Act which purports to confer exclusive original jurisdiction upon the Family Court for all proceedings commenced under article 4 of. that act. This position is supported by a provision in the Constitution providing that this particular action be maintained in the Family Court. (N. Y. Const., art. VI, § 13, subd. b.) Neither provision, however, requires that this action be dismissed. With reference to section 411, it is sufficient to note that this section also applied to the action in Seitz (supra) wherein we held that concurrent jurisdiction existed between the Supreme Court and the Family Court. Also, while subdivision b of section 13 of article VI provides that this action be brought in the Family Court, subdivision d of the same section states that “ The provisions of this section shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of this article.” Thus, this section can only be construed as evidencing an intent that the jurisdiction of the Supreme Court, as provided for under any other provision of *538 the Constitution, should be unaffected by this grant of jurisdiction to the Family Court.
Our decision that the jurisdiction of the Supreme Court has been expanded by the amendment to the Constitution in no way signals a contraction of the jurisdiction of specialized courts such as the Family Court. In matters such as this, plaintiffs are at liberty to commence their proceeding in the Family Court. If, instead, they should choose the Supreme Court for purposes of litigation, that court is empowered to “ transfer any action or proceeding, except one over which it shall have exclusive jurisdiction * * * to any other court having jurisdiction of the subject matter ” (N. Y. Const., art. VI, § 19, subd. a), or to. retain jurisdiction over such an action. (See, e.g., Dicker v. Dicker, 54 Misc 2d 1089.) In such instances, the Supreme Court must exercise its discretion as to whether it would be appropriate to transfer a particular matter to a court of concurrent jurisdiction, possessing unique, specialized capabilities and expertise. In many cases, obviously, this would be the better practice.
Conversely, our decision in this case may not be read as affecting the exclusive jurisdiction of the Court of Claims over claims against the State. Over a half century ago this court held that the Supreme Court lacked jurisdiction of claims against the State not because of the nature of the matter litigated but solely because of the immunity of the State from suit (People ex rel. Swift v. Luce, 204 N. Y. 478, 487, supra; see, also, Benz v. New York State Thruway Auth., 9 N Y 2d 486; Matter of Plumbing Assn. v. New York State Thruway Auth., 5 N Y 2d 420; Easley v. New York State Thruway Auth., 1 N Y 2d 374); and in light of these holdings it would be improper, indeed, to construe this amendment to the Constitution as affecting the Court of Claims’ jurisdiction.
Accordingly, the order appealed from should be affirmed, without costs, and the question certified should be answered in the affirmative.