In the Matter of DORIS B. DUKE, Appellant, *v.* WILLIAM H. DUKE, Respondent.

First Department, June 24, 1971.

*William G. Mulligan* of counsel (*Sandra W. Jacobson* and *Hadassah R. Shapiro* with him on the brief; *Mulligan & Jacobson,* attorneys), for appellant.

*James P. Durante* of counsel (*Lawrence W. Boes* with him on the brief; *Reavis & McGrath,* attorneys), for respondent.

*Per Curiam.* This is the second time that a proceeding concerning the visitation rights of the infant's father has been before this court. In the first proceeding, BACKER, J., dismissed the petition, and this court affirmed (*Matter of Duke* v. *Duke,* 35 A D 2d 910). The petition herein was also dismissed by Special Term, the court considering that the application was almost identical with the prior proceeding. Special Term stated that it could not "overrule the determination made by another Justice of this Court or of the Appellate Division."

The history of this litigation is as follows:

In October, 1967, petitioner obtained a judgment of divorce in the Superior Court of Fairfield County, Connecticut, on the ground of cruelty. Custody of the infant daughter (now about 8 years of age) was awarded to the mother during the child's minority. At that time, the father was granted visitation only on each Sunday at approximately 4:00 to 7:30 P.M. The decree, however, provided that respondent should have the right to request a modification of the order when the child reaches an appropriate age.

In June, 1969, upon application of the father, the Connecticut court granted a modification of visitation to the extent of allowing the father to take the child on alternate weekends and for one month in the summertime.

About 10 months thereafter, petitioner brought an application in the New York State Supreme Court seeking various forms of relief, particularly with respect to the regulation of visitation between the father and child. The petitioner also requested permission to take the infant child to reside in Switzerland, the petitioner's native country. As stated above, Special Term denied that petition upon various grounds. The court felt that the application was merely an attempt to circumvent the relief granted by the Connecticut court and that petitioner could seek whatever relief she desired in Connecticut. In addition, the court was not satisfied that petitioner had presented adequate facts with respect to her allegations concerning the respondent's behavior. Finally, the court was not satisfied that the infant's domicile or residence was such as would require the court's intervention.

While the Connecticut court, in June, 1969, modified visitation rights, it is well established that the " full faith and credit clause does not apply to custody decrees. (*Matter of Bull* [*Hellman*], 266 App. Div. 290, affd. 291 N. Y. 792; Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich. L. Rev. 345 [1953].) " (*Matter of Bachman* v. *Mejias*, 1 N Y 2d 575, 580). (See, also, *Matter of Berlin* v. *Berlin*, 21 N Y 2d 371.) The application herein contains new facts, showing a change in circumstances since the entry of the Connecticut decree and therefore as indicated is not barred by the Connecticut decree.

Moreover, the deficiencies that existed in the prior application have now been cured. Petitioner no longer seeks permission to move the child to Switzerland, an act which would be contrary to the original divorce decree of the Connecticut court. The papers show that the petitioner and her child have resided in New York at least since 1967. In addition, the respondent also

resides in New York. This is not simply the case of a stranger coming into a New York court, as a means of avoiding another State's jurisdiction. Rather, the close nexus of the parties to New York indicates that this State is the most appropriate place to litigate any problems concerning visitation.

In addition, this application is not based solely upon petitioner's allegations concerning respondent's behavior toward the child. Attached to the moving papers is a report of a detective. It is unnecessary to go into details as to the detective's factual statements. Suffice it to say that the detective attested that he saw the child in the custody of respondent under such circumstances that the child's safety and welfare were in jeopardy. A further affidavit is submitted by the administrator of the school which the child attends, indicating that the child seems to be emotionally disturbed after weekend visits with the father. In sum, the record here presents a factual question concerning the effect of the visitation upon the child and whether certain modifications are necessary. And in this respect, we need not even conclude (although there may be a basis for it) that the child's disturbance is the fault of the respondent. It would seem that if the disturbance does exist, at this stage of this proceeding, the court, in its concern for the child's welfare, should at least consider the application.

The court below, in dismissing the petition also denied the parties' cross motions for stays — petitioner seeking to stay respondent from his contempt proceedings in Connecticut and respondent seeking a stay of this proceeding pending the application in Connecticut. It appears that an order of contempt has been rendered against petitioner in Connecticut, although there is indication that she was not served personally with papers and did not appear. The court below properly denied both applications as being moot.

Accordingly, the order and judgment appealed from entered April 26, 1971, should be modified on the law, the facts, and in the exercise of discretion to reinstate the petition and to remand the matter for a hearing, to be held as expeditiously as possible, and, as so modified, should be affirmed, without costs or disbursements.

McGivern, J. P., Markewich, Kupferman, Murphy and Tilzer, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on April 26, 1971, unanimously modified, on the

law, the facts and in the exercise of discretion, to reinstate the petition and to remand the matter for a hearing, to be held as expeditiously as possible, and as so modified, affirmed, without costs and without disbursements.