OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The parties herein seek to enforce and/or modify an Alabama decree of divorce, filed in this State pursuant to the Uniform Enforcement of Foreign Judgments Act (CPLR art 54).
HISTORY
The parties were married on November 8, 1957 in the State of New Jersey. Two issue were born of the marriage, Matthew Wilder, born September 1, 1958; and James Wilder, born February 11, 1964.
In July of 1970, while both parties were residents of the State of Alabama, a decree of divorce was granted in favor of the defendant against the plaintiff by the Circuit Court of Tuscaloosa County, Alabama.[1] Both parties appeared in the action. The divorce decree provided, inter alia, that the defendant was to pay alimony in the sum of $100 per month; vested custody of the issue of the marriage in the defendant, with no immediate visitation rights afforded to the plaintiff, *249 with a caveat that if she elected to undergo psychiatric treatment, the court would accept and consider the psychiatric reports in respect to making a permanent ruling on the plaintiffs rights of visitation. Based upon the subsequent filing of such reports, and after a hearing in which both parties appeared, the afore-mentioned decree was modified on October 28, 1976. The decree, as modified, afforded plaintiff the right of visitation.
The defendant and the issue of the marriage have been residents of the State of New York since 1973, and now reside with the defendant’s second wife and her four children of a previous marriage, in Suffolk County. Matthew Wilder is currently away from the defendant’s home, attending college in West Virginia. The plaintiff has not seen either issue of the marriage since the divorce of the parties, except for two brief visits with James in August and November of 1977, while the plaintiff was in this State.
The defendant made alimony payments pursuant to the foreign decree until June of 1976. Since then, arrearages for alimony have accrued in the sum of $1,800.
The plaintiff, on March 8, 1977, pursuant to the Uniform Enforcement of Foreign Judgments Act (CPLR art 54), filed the Alabama decree of divorce and the decree modifying the same, with the Clerk of Suffolk County. Prior to the commencement of this proceeding all procedural requirements of CPLR article 54 have been met by the plaintiff.
ENFORCEMENT OF A FOREIGN JUDGMENT OF DIVORCE AS TO ACCRUED ALIMONY
The Alabama decree of divorce is a "foreign judgment” as defined by CPLR 5401, provided it be entitled to full faith and. credit. The latter depends, in part, on whether such foreign judgment was a final judgment, or subject to further modification. (Barber v Barber, 323 US 77.) It is clear that a sister State judgment for alimony will be given such full faith and credit as to any arrearages that are vested. (Sistare v Sistare, 218 US 1; Smith v Smith, 249 App Div 660; Ehrenzweig v Ehrenzweig, 86 Misc 2d 656.) The issue of whether the right to the unpaid installments is absolute and vested turns on the Alabama court’s power to modify alimony arrearages retroactively. Alabama statutes are silent on the question of whether alimony arrears can be modified. (See Code of Ala [Recompiled 1958], tit 34, §§ 31, 32, 33.) However, Alabama *250 case law clearly sets forth that alimony arrears are vested and not subject to modification. (O’Neal v O’Neal, 284 Ala 661; Osborne v Osborne, 57 Ala App 204.)
The court finds that the Alabama decree, as modified, is entitled to full faith and credit, and since the exceptions to CPLR 5401 do not apply, it is a "foreign judgment” which may be properly filed pursuant to CPLR article 54. Once the "foreign judgment” has been properly filed, as in the case here, the same is treated as if it were a judgment of the Supreme Court of this State and can be enforced accordingly. (CPLR 5402, subd [b]; Ehrenzweig v Ehrenzweig, supra.)
Accordingly, the court finds that the plaintiff, Janie Margaret Wilder, is entitled to an order directing the entry of judgment against the defendant, Francis W. Wilder, in the sum of $1,800, constituting alimony arrears due as of the date of the hearing, plus $10 costs, and the plaintiff may have execution therefor. (Domestic Relations Law, § 244.)
The court further finds that the plaintiff, Janie Margaret Wilder, is entitled to an order directing the defendant, Francis W. Wilder, to post an undertaking with the clerk of this court, in a manner provided by statute (CPLR 2501), in the amount of $1,200, to secure payments of alimony that may become due and owing in the future, within 30 days of receipt of a copy of an order based on this decision, with notice of entry thereon. (Domestic Relations Law, § 243.)
In view of the foregoing, the court finds that it is inappropriate at this time to grant the plaintiffs request for sequestration (Domestic Relations Law, § 243), or contempt (Domestic Relations Law, § 245). Hence, the court will deny these branches of the plaintiff’s motion.
ENFORCEMENT OF A FOREIGN JUDGMENT AS TO VISITATION RIGHTS
The plaintiff seeks an order adjudicating the defendant in contempt of court for his failure to provide her with the visitation prerogatives as set forth in the Alabama decree. (CPLR 5104; Judiciary Law, § 753.)[2]
The court can find no precedent as to whether visitation rights contained in a foreign judgment can be enforced by contempt, when the party has relied solely on CPLR article 54 *251 to reduce the same to a New York judgment. However, texts on the subject indicate that CPLR article 54 is applicable under the circumstances. (6 Weinstein-Korn-Miller, NY Civ Prac, par 5401.02.)
CPLR article 54 requires a finding that the foreign judgment, in order to be properly filed, must be entitled to full faith and credit. Full faith and credit is only applied to foreign judgments vesting rights not subject to modification. (Sistare v Sistare, 218 US 1, supra; Smith v Smith, 249 App Div 660, supra; Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, supra ) Visitation rights, until modified prospectively, are vested rights to which full faith and credit applies, and are thus capable of enforcement.
The instant case must be distinguished from those in which it has been found that the best interests of a domiciliary child may be sufficient to defeat the application of full faith and credit to the terms of a foreign judgment at the time a modification of the same is sought. (See Obey v Degling, 37 NY2d 768; Matter of Berlin v Berlin, 21 NY2d 371; Matter of Bachman v Mejias, 1 NY2d 575.) The cases cited do not deal with the availability of the remedy of contempt to enforce a foreign custody judgment that has been made a New York judgment under CPLR article 54, but rather deal with the issue of whether, under the circumstances, the terms of a foreign judgment are entitled to full faith and credit when a modification of such judgment is sought in this State. The court here, in determining whether to grant such relief, may similarly consider, as a factor, the best interest of the child. The availability of the contempt remedy, in an appropriate case, could only serve to benefit the child by protecting his interest in having access to the noncustodial parent. Thus, the principles set forth in the above-cited cases do not apply here. Simply put, the court finds that the remedy of contempt is available. Whether the relief should be granted will depend on the circumstances of the case.
After a review of the entire record, the court concludes that such relief should not be granted in the instant case.
MODIFICATION OF FOREIGN JUDGMENT AS TO ALIMONY AND VISITATIONS
Both parties seek an order modifying the Alabama decree in respect to its alimony provisions. The plaintiff seeks to modify the visitation provisions, as well.
*252 We have already concluded herein that the alimony provisions cannot be modified retroactively. Hence, we are only concerned with a prospective modification. Subdivision (c) of section 466 of the Family Court Act provides in part that if a court of competent jurisdiction, not of the State of New York, enters an order or decree granting alimony, the Family Court may entertain an application to modify such order or decree on the grounds that there has been a subsequent change of circumstances, and that modification is required. In Matter of Seitz v Drogheo (21 NY2d 181) the Court of Appeals overruled the constitutional objections to the statute and held that the Legislature had the authority to empower the Family Court to enforce foreign decrees, irrespective of the grounds upon which the decrees were granted. Shortly thereafter, in Kagen v Kagen (21 NY2d 532) the court held that the Supreme Court, as a court of general jurisdiction, has all of the powers of the Family Court as conferred by subdivision (c) of section 466 of the Family Court Act, and in effect, has concurrent jurisdiction with the Family Court to enforce and modify foreign decrees.
The full faith and credit requirements of section 1 of article IV of the United States Constitution limit the modification jurisdiction to decrees which are modifiable in the granting jurisdiction. (Cf. Johnson v Muelberger, 340 US 581.) An examination of Alabama case law clearly indicates that the courts in that State have the power to modify prospectively the alimony provisions of their divorce decrees. (Hager v Hager, 293 Ala 47, on remand 53 Ala App 309; Thomas v Thomas, 281 Ala 397.) Thus, the decree in the present case can be modified under subdivision (c) of section 466 of the Family Court Act if there be a showing of a change of circumstances, as provided therein.
In determining whether a change of circumstances requires modification of the alimony provisions, the wife’s needs, and her independent means for meeting them, must be balanced with the husband’s ability to pay. Regard must be given to the financial circumstances of each of the parties, considered separately. (Swartz v Swartz, 43 AD2d 1012.)
The court has carefully reviewed the entire record in respect to the parties’ financial condition and needs, including the financial disclosure statements provided pursuant to section 250 of the Domestic Relations Law. The court finds *253 accordingly that the parties have not demonstrated a sufficient change of circumstances to entitle either to the relief sought herein.
The court finds that it has inherent power to consider an application to modify the visitation provisions of the Alabama decree and that full faith and credit need not apply. Modification will be considered in light of the child’s best interests. (Obey v Degling, 37 NY2d 768, supra; Matter of Berlin v Berlin, 21 NY2d 371, supra; Matter of Bachman v Mejias; 1 NY2d 575, supra.) However, the courts of this State have given a degree of voluntary recognition to the visitation provisions contained in a foreign judgment, and have, at times, required a showing of a change of circumstances. (Matter of Ebert v Ebert, 38 NY2d 700; Matter of Duke v Duke; 37 AD2d 83; Matter of Hahn v Falce; 56 Misc 2d 427.)
In an effort to assist the court in resolving this issue, counsel for the respective parties have stipulated that the court may consider the reports of the Suffolk County Department of Health Services, as they relate to the psychiatric evaluation of the parties herein, their son, James, and the defendant’s current wife. (Aberbacb v Aberbach, 33 NY2d 592; Kesseler v Kesseler, 10 NY2d 445.) In addition, James was confidentially interviewed in chambers, on consent of the parties, and on authority of Matter of Lincoln v Lincoln (24 NY2d 270).
Giving regard to the evidence presented herein, and relying on the psychiatric reports only as a guide, the court finds that the Alabama decree of divorce, as amended, shall be modified in respect to the visitation rights, as the same relates to James Wilder, as follows: "Plaintiff shall have the right to visit the youngest issue of the marriage, James Wilder, at the custodial residence, and only in the presence of a third party, other than the defendant herein, on one day of each month for a period which will not exceed three hours in duration, and which will not conflict with the child’s schooling, provided that the plaintiff notify the defendant at least one week prior to the date selected.”
IN RESPECT TO COUNSEL FEES
The plaintiff seeks an order awarding counsel fees. The court, in its discretion, may make such an award. (Domestic Relations Law, §§ 237, 238.)
*254 Counsel for the plaintiff testified as to his services in this matter and the reasonable value thereof.
The court finds that an award of counsel fees in the sum of $750 is reasonable under the circumstances, and the defendant is directed to make such payment to the plaintiff, within 30 days from date of receipt of the following order, with notice of entry thereon, at her address, which is to be provided by her counsel.

. The Alabama court awarded the defendant the decree on his cross bill.

. Section 245 of the Domestic Relations Law does not apply here, since the remedy sought is not one to enforce a money judgment. (Shakun v Shakun, 17 Mise 2d 935.)