■ CAROL CARPINELLI, Appellant, v NATALE CARPINELLI, Respondent. — In an action, *inter alia,* to set aside a support order

on the ground of fraud and for an upward modification of support, the plaintiff wife appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered June 24, 1983, which dismissed her complaint upon the granting of that branch of the defendant husband's motion which sought summary judgment. (We deem the notice of appeal from the order granting summary judgment to be a premature notice of appeal from the judgment.)

Judgment modified, by (1) adding to the first decretal paragraph after the word "that", the following: "the second and third causes of action of"; (2) deleting the second decretal paragraph, and (3) adding a provision transferring the matter to the Family Court, Westchester County, for a determination of the issues raised in the first cause of action. As so modified, judgment affirmed, without costs or disbursements. The order granting summary judgment is amended accordingly.

The judgment of divorce granted plaintiff in the Supreme Court, Westchester County, stated that the Family Court, Westchester County, would have "concurrent jurisdiction" over "all future questions with respect to support". The Family Court subsequently ordered the defendant to pay a certain sum of support. Plaintiff contends that at the time the support order was issued defendant fraudulently concealed his income and assets and, accordingly, seeks to set aside or modify that order. Defendant moved, so far as is pertinent to the instant appeal, for summary judgment dismissing the complaint or, in the alternative, to refer the matter to the Family Court. Special Term granted defendant summary judgment on the ground that jurisdiction "rests *solely* with the Family Court" (emphasis added). While we do not agree that only the Family Court could entertain the instant application (see *Kagen v Kagen*, 21 NY2d 532; see, generally, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 411, pp 11-12), nevertheless, because the gravamen of the allegations upon which plaintiff bases her claims is that defendant fraudulently induced the Family Court into setting a lesser support obligation than it should have, it is appropriate that the Family Court determine the matter. Accordingly, the first cause of action should be referred to the Family Court for disposition.

We decline to reinstate the second and third causes of action. The relief sought in the second cause of action is basically encompassed by the first cause of action seeking a modification of the support order. The third cause of action is essentially one for punitive damages, for which no separate cause of action lies. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.