OPINION OF THE COURT
Norman Feiden, J.
In this support proceeding, the respondent moves to vacate, annul and set aside the order of the Hearing Examiner on the grounds that Family Court Act § 424-a (b) is unconstitutional. *879 This court has not found any written decision concerning this section and so this is a matter of first impression. The Attorney-General, having been served with a copy of the motion papers, was made a party to these proceedings but has declined to participate.
After a foreign divorce, respondent was required to pay $170 per week alimony and child support. Thereafter, in December 1976, respondent petitioned Nassau County Family Court for a downward modification. The petition was granted, and respondent was ordered to pay $50 weekly alimony. On October 20, 1987, petitioner sought an upward modification of the support order. On November 25, 1987, the parties appeared before the Hearing Examiner; they were directed to file net worth statements on or before December 24, 1987. Petitioner complied immediately, filing hers on November 25, 1987. Respondent failed to file a net worth statement. The deadline having passed, the Hearing Examiner thereafter granted the petition, directing respondent to pay $150 per week. In granting the petition, the Hearing Examiner took no testimony of petitioner.
Family Court Act § 424-a provides as follows:
"(a) In all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states, provided, however, that this requirement shall not apply to a social services official who is a party in any support proceeding under this act. No showing of special circumstances shall be required before such disclosure is ordered and such disclosure may not be waived by either party or by the court. A sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court, no later than ten days after the return date of the petition. As used in this part, the term 'net worth’ shall mean the amount by which total assets including income exceed total liabilities including fixed financial obligations. It shall include all income and assets of whatsoever kind and nature and wherever situated and shall include a list of all assets transferred in any manner during the preceding three years, or the length of the marriage, whichever is shorter, provided, however, that transfers in the routine course of business which resulted in an exchange of assets of substantially equivalent value need not be specifically disclosed where such assets are otherwise identified in the statement of net worth. All such sworn statements of net worth shall be accompanied *880 by a current and representative paycheck stub and the most recently filed state and federal income tax returns.
"(b) When a respondent fails, without good cause, to file a sworn statement of net worth, a current and representative paycheck stub and the most recently filed state and federal income tax returns, as provided in subdivision (a) hereof, the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent’s financial ability to pay support.”
The legislative intent expressed in subdivision (b) of Family Court Act § 424-a was to prescribe a preclusion of a noncomplying party. That is, the party failing to comply is, by reason of his default, to be prevented from offering any evidence at the hearing before the Hearing Examiner. What, then, would be the effect of this preclusion of respondent, in the case at bar? Does the statute mandate that the Hearing Examiner automatically enter an order for petitioner for the amount demanded, without a hearing? Or, does the statute mean that respondent’s default admits his ability to pay, without conceding that he must pay?
Since, in this case, respondent failed to comply with the statute without a show of good cause, a hearing ought to have been held, and respondent precluded from offering any evidence by the operation of the statute. This court holds that the statute requires, in this type of proceeding, that the Hearing Examiner hold a hearing to determine: (1) whether petitioner is entitled to the relief requested in her petition; and (2) to determine the amount, if any, to which she is entitled. At the hearing, respondent may participate, under the operation of the disclosure statute, only to the extent of cross-examining any witness on petitioner’s behalf.
The effect of Family Court Act § 424-a, then, is to prohibit respondent from offering any evidence in his own behalf in opposing petitioner’s demand for an increase. His failure to comply with the Hearing Examiner’s direction to file a net worth statement was an admission of his ability to pay should petitioner establish her right to an increase. Since the amount demanded in the petition is not liquidated, but is disputable, a hearing is thus required to fix what amount, if any, petitioner may be entitled to.
Support for the above holding can be found in an analogous *881 statute, CPLR 3126, which is similar in effect to Family Court Act § 424-a. Under CPLR 3126, if a defendant should willfully refuse to comply with a notice to disclose or an order to disclose, the court can direct that a judgment be entered against the defaulting defendant, pursuant to CPLR 3215. However, the amount of the judgment to be entered against said defaulting defendant can only be fixed after an inquest and assessment of damages, unless the ad damnum sets forth an amount that is liquidated and undisputable (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568).
A petition seeking a modification of a support order is one in which the amount sought is not liquidated. Rather, the amount to be awarded, if any, can be fixed only after a showing of a change of circumstances taken place since the fixing of the order sought to be modified. (Swartz v Swartz, 43 AD2d 1012; Wilder v Wilder, 93 Misc 2d 247.)
On the basis of this court’s analysis, it is therefore without a doubt that Family Court Act § 424-a is a proper constitutional enactment of the Legislature. The respondent’s motion, insofar as it seeks to declare the section unconstitutional, must be denied. However, since the Hearing Examiner made the modification award without holding a hearing, the order must be vacated, annulled and set aside, and the matter referred back to the Hearing Examiner in order that he may hold a new hearing in accordance with this decision. At such new hearing, respondent may participate only to the extent of cross-examining any witness on behalf of petitioner.