ANNE A. GARNER, Formerly Known as ANNE A. SANS, Appellant, v IRA J. SANS, Respondent. [774 NYS2d 238]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 30, 2002. The order denied plaintiff's application for child support arrears.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed with costs.

Memorandum: The issue before us is whether plaintiff is entitled to arrears of child support. The parties, parents of a daughter born December 6, 1982, were divorced by a judgment entered November 7, 1983 that, inter alia, gave plaintiff custody of the child and awarded child support. An order entered the same day provided for, inter alia, a reduction in child support if plaintiff failed to comply with the visitation provisions in the judgment. At a hearing on June 29, 1984, plaintiff agreed to be bound by a stipulation that visitation would be supervised by a registered nurse and that "she would forfeit any right to any additional child support and maintenance because of the obvious expense of [defendant] in providing the registered nurse during the visitation."

On February 20, 1985, plaintiff moved in Supreme Court for an order "restoring the child maintenance and support as set forth in the divorce judgment . . ." It does not appear from the record that plaintiff's motion was ever decided. Indeed, there is no order in the record on appeal addressing child support until the temporary order entered in the instant proceeding, after it was originally commenced by plaintiff in Family Court. Contrary to plaintiff's contention, we conclude that Supreme Court properly exercised jurisdiction over this matter (see generally NY Const, art VI, § 7 [a]; Kagen v Kagen, 21 NY2d 532, 538 [1968]). Hearings were held between September 5, 2001 and January 11, 2002, and plaintiff conceded at the hearing on September 5, 2001 that only the judgment of divorce directs the payment of child support and that there is no subsequent order of support from any other court.

In its "Decision and Order Findings of Fact and Conclusions of Law," Supreme Court found that the Supreme Court justice

who issued the judgment of divorce had "made several oral directives during the course of the litigation before him which altered, modified and then eliminated support." The court concluded that there was "no valid enforceable support Order that survived the custody proceedings before [the justice who issued the judgment of divorce]" and denied the claim for unpaid child support as unsupported by the record.

We agree with defendant that the court properly refused to award child support arrears but, unlike the court, we do not rely on any alleged "oral directives" that do not appear in the record. We rely instead on plaintiff's 1984 stipulation forfeiting child support. Plaintiff conceded at the hearing on September 5, 2001 that she was relying only on the judgment of divorce entered in 1983 in support of her claim for child support arrears. She forfeited her right to support under that judgment by her stipulation in 1984 and, as noted herein, it does not appear from the record before us that her motion in 1985 seeking to restore support was decided. Thus, there is no order in this record requiring defendant to pay child support. Because plaintiff has failed to establish that child support was restored, she has also failed to establish that any arrears accrued during either the period in which she had physical custody of the child or the period in which defendant had physical custody of the child.

All concur, Green, J., not participating. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.