[8 NYS3d 854]

Tarragh A. Perlmutter, Respondent, v Randall R. Fiore, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, February 24, 2015

## APPEARANCES OF COUNSEL

*Randall R. Fiore*, appellant pro se.

*Tarragh A. Perlmutter*, respondent pro se.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment is reversed, without costs, and the action is dismissed.

Plaintiff commenced this small claims action to recover the principal sum of $1,288.45, which sum, she claimed, constituted half of the unreimbursed expenses she had incurred in prenatal care and in her own medical and hospital costs associated with the birth of the parties' daughter. At a nonjury trial, the parties testified that, in a prior proceeding in Suffolk County Family Court, defendant had acknowledged paternity of the child, and the Magistrate had issued an order on consent with respect to child custody and support. The parties both indicated that the Family Court Magistrate had expressed a disinclination to make an award to plaintiff for the unreimbursed costs of her prenatal care and her confinement. Plaintiff provided the District Court with evidence of her unreimbursed expenses. Defendant did not dispute plaintiff's expenses, but contended, in effect, that he understood he had satisfied all his financial responsibilities to plaintiff when he had given her a check in connection with the Family Court action. Following the trial, the District Court awarded plaintiff the principal sum of $1,288.45.

Family Court Act § 416 (a) authorizes an award for the expenses of confinement. Family Court Act § 514 provides, in part, that "[t]he father is liable for the reasonable expenses of the mother's confinement and recovery and such reasonable expenses in connection with her pregnancy as determined by the court." Family Court Act § 545 (1) further provides, among other things, that in a proceeding in which the Family Court has made an order of filiation, the court shall determine the obligation of either or both parents to contribute to the "necessary expenses incurred by or for the mother in connection with her confinement and recovery." The award of such expenses,

however, is subject to the exclusive jurisdiction of the Family Court (*see* Family Ct Act §§ 411, 511) and the Supreme Court (*see Kagen v Kagen*, 21 NY2d 532 [1968]; *see also* Family Ct Act § 114; 46 NY Jur 2d, Domestic Relations § 1020). Thus, plaintiff's cause of action was not subject to the District Court's jurisdiction.

In view of the foregoing, we find that the monetary award to plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (UDCA 1807). Accordingly, the judgment is reversed and the action is dismissed.

MARANO, P.J., IANNACCI and TOLBERT, JJ., concur.