<partyblock>

Susan Greco, Appellant,

against

Robert Greco, Respondent.

Susan Greco, appellant pro se.

Law Offices of Leonard R. Sperber (Michelle S. Stein, Esq.), for respondent.

Appeal from an order of the District Court of Nassau County, Fourth District (Paul L. Meli, J.), dated November 6, 2015. The order, insofar as appealed from, granted defendant's motion to dismiss the action.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and defendant's motion to dismiss the action is denied.

In this small claims action, plaintiff, who was formerly married to defendant, seeks to recover the principal sum of $2,500, based on defendant's allegedly wrongful retention of health insurance reimbursement checks for sums which plaintiff, rather than defendant, had paid to plaintiff's health providers. Insofar as is relevant to this appeal, defendant moved to dismiss the instant action pursuant to CPLR 3211 (a) (2) and (5), claiming that plaintiff's claims lay within the exclusive jurisdiction of the Supreme Court and Family Court, and, in addition, that, based on the Supreme Court judgment in the parties' matrimonial action (Greco v Greco, Sup Ct, Nassau County, Apr. 21, 2015, index No. 201553/10), plaintiff, whose two prior small claims actions had been dismissed in a single order (Greco v Greco, Dist Ct, Nassau County, June 11, 2015, Girardi, J., index Nos. SC 945-15 and SC 1266-15), was precluded from bringing this action under the doctrine of res judicata. Plaintiff opposed defendant's motion. In an order dated November 6, 2015, insofar as appealed from, the District Court granted defendant's motion to dismiss this action, concluding that it lacked jurisdiction and that the matter in issue had, in any [*2]event, been previously litigated.[FN1]

While the Family Court and Supreme Court share exclusive concurrent jurisdiction over proceedings for support or maintenance (see Family Court Act  114, 115, 411; see also Kagen v Kagen, 21 NY2d 532 [1968]), here, plaintiff's cause of action was based upon defendant having allegedly received and kept money which rightfully belonged to plaintiff, rather than a claim for support and maintenance. Consequently, the District Court could entertain the action, as the action lay outside the exclusive concurrent jurisdiction of the Family Court and Supreme Court. We note that the judgment of divorce between the parties did not otherwise preclude jurisdiction in the District Court over the issue presented in this matter.

With respect to the branch of defendant's motion seeking dismissal on the ground of res judicata, we note that, while principles of res judicata typically require that, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]), "unfairness may result if the doctrine is applied too harshly; thus  [i]n properly seeking to deny a litigant two "days in court," courts must be careful not to deprive [the litigant] of one' " (Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [2005], quoting Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]). Here, the papers defendant submitted show that the parties' divorce trial concluded on June 25, 2014, that a decision in the divorce action was rendered on October 16, 2014, and that a judgment in the divorce action was entered on April 21, 2015. Since, in his moving papers, defendant failed to demonstrate that the payments plaintiff seeks to recover herein had been made before the conclusion of the divorce trial, and, thus, that plaintiff had a full and fair opportunity to litigate the claim asserted herein, defendant has failed to establish that plaintiff was precluded from bringing this action under principles of res judicata.

We therefore conclude that the dismissal of this action failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).

Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion to dismiss the action is denied.

MARANO, P.J., TOLBERT and BRANDS, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 16, 2017

Footnotes

Footnote 1:In its November 6, 2015 order, the District Court also dismissed the separate small claims action of Greco v Greco (Dist Ct, Nassau County, index No. 002344-15/013).

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>